**Paul Gerard HOESCHEN, Respondent,**

v.

**MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Wausau Underwriters Insurance Company, Respondents,**

**South Carolina Insurance Company, Appellant.**

**No. CX–84–1309.**

Court of Appeals of Minnesota.

Dec. 24, 1984.

Review Denied March 6, 1985.

Robert E. Pottratz, Meyer, Meyer & Pottratz, Melrose, for Paul Gerard Hoeschen.

Frank J. Rajkowski, Donohue, Rajkowski, Hansmeier, Grunke & Javanovich, Ltd., St. Cloud, for Mutual Service Cas. Ins. Co.

Theodore N. Treat, Jr., Peterson & Treat, P.A., Minneapolis, for Wausau Underwriters Ins. Co.

Michael J. Ford, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for South Carolina Ins. Co.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and LESLIE, JJ.

## OPINION

LESLIE, Judge.

After plaintiff Paul Hoeschen was injured in a motor vehicle accident, he brought a declaratory judgment action against appellant South Carolina Insurance Company and against respondents Mutual Service Casualty Insurance Company (Mutual Service) and Wausau Underwriters Insurance Company (Wausau Underwriters) to determine their liability. Appellant moved for summary judgment in October 1983. Appellant appealed the trial court's denial of that motion and this court affirmed in *Hoeschen v. South Carolina Insurance Co.*, 349 N.W.2d 833 (Minn.Ct. App.1984), *cert. granted,* 356 N.W.2d 49 (Minn.1984). On June 14, 1984, the trial court granted plaintiff's motion for summary judgment against appellant but denied his motions against the respondents-defendants. This appeal followed.

## FACTS

Respondent Hoeschen, a Minnesota resident, and Kenneth High were stationed at the U.S. Army base at Fort Bragg, North

Carolina in 1982. When they returned to Minnesota in High's car in September 1982, Hoeschen left his car in North Carolina. On September 5, 1982, High's car went off a Minnesota road causing Hoeschen serious personal injuries.

On the date of the accident Hoeschen had his car insured with appellant South Carolina Insurance Company. Appellant is licensed to do business in Minnesota. The policy did not provide Hoeschen with no-fault basic economic loss benefits. Hoeschen claims he is entitled to no-fault underinsured motorist benefits from appellant by operation of Minnesota law. He also claims benefits from High's insurer, Wausau Underwriters, and from his parents' insurer, Mutual Service.

The U.S. Army initially paid Hoeschen's medical expenses but later brought a claim against Hoeschen for reimbursement. Respondent Wausau paid into court $25,000, its liability limit, under an agreement that no funds would be distributed until the U.S. Army's claim for reimbursement of medical expenses was resolved. Hoeschen later settled the U.S. Army's claim for reimbursement by paying $6,000.

## ISSUES

1. Does the Minnesota No-Fault Act require an insurer to provide basic economic loss benefits to a Minnesota resident for injuries suffered in Minnesota even though the insured's vehicle did not enter Minnesota?

2. May a no-fault insurer coordinate medical expense benefits with medical expense payments made by the U.S. Army?

3. May a serviceman injured in an accident recover income loss reimbursement even though he continues to receive income from the U.S. Army?

## ANALYSIS

### 1. Basic Economic Loss Benefits Coverage

Appellant claims the trial court erred by holding Minn.Stat. § 65B.50 (1982) obligates it to provide basic economic loss

benefits to respondent. This court in *Western National Mutual Insurance Co. v. State Farm Insurance*, 353 N.W.2d 169 (Minn.Ct.App.1984) (petition for cert. filed but stayed on October 22, 1984) held the no-fault act obligates insurers licensed to do business in Minnesota to provide no-fault benefits to non-residents injured in Minnesota even though their vehicles do not enter the state. *See Reed v. Continental Western Insurance Co.*, 356 N.W.2d 756, 757 (Minn.Ct.App.1984); *AID Insurance Co. v. Continental Western Insurance Co.*, 357 N.W.2d 403, 404 (Minn.Ct.App.1984). The reasons for extending coverage to non-residents apply with greater force to Minnesota residents such as Hoeschen. Accordingly, we affirm the trial court's resolution of this issue.

### 2. Coordination of Medical Expense Benefits

Appellant and respondent Mutual Service argue that Hoeschen should not receive medical expense benefits because Hoeschen has not suffered medical expense losses because the U.S. Army paid Hoeschen's medical expenses. Minn.Stat. § 65B.43, subd. 7 (1982) defines loss:

"Loss" means economic detriment resulting from the accident causing the injury, consisting only of medical expense, income loss, replacement services loss * * Noneconomic detriment is not loss; however, economic detriment is loss although caused by pain and suffering or physical and mental impairment.

All parties agree that Hoeschen incurred considerable medical expenses. The parties also agree that the army paid all those expenses less the $6,000 settlement it received from Hoeschen. They disagree on who should receive the benefit of the army's contribution to medical expenses.

Appellant's argument was rejected by the supreme court in *Wallace v. Tri-State Insurance Co.*, 302 N.W.2d 337 (Minn. 1980). In *Wallace* an analogous situation arose where the insured's medical expenses were paid by a group health insurer.

When the no-fault insurer discovered the health insurer's payment, it disavowed any obligation to pay medical benefits claiming the insured suffered no actual losses. In effect, it wanted to coordinate its coverage with the group health insurer's coverage to pay no more than the medical expenses the insured "actually" incurred.

The Minnesota Supreme Court held Minn.Stat. § 65B.61, subd. 1 (1978) prevents no-fault insurers from "deferring" payment of benefits because other insurance coverage exists. *Wallace*, 302 N.W.2d at 339. It then held Minn.Stat. § 65B.61, subd. 3 (1978) prevents no-fault insurers from coordinating their benefits with other "collateral source payments" unless those sources are specified in Minn. Stat. § 65B.61, subd. 1. *Wallace*, 302 N.W.2d at 340. Since the group health insurer was not a specified source, the court concluded: "[The no-fault insurer's] obligation to pay benefits is primary and it has no right to consider the benefits paid to plaintiff by [the group health insurer] in determining the amount of basic economic loss suffered by plaintiff." *Id.*

■ The result in *Wallace* produced a windfall for the insured. The court found the windfall not unfair and consistent with its rule "that as between an insurer and insured, if there is to be a windfall, it should be to the insured." *Id.* While this case differs from *Wallace* in that Hoeschen will pay no premium for the basic economic loss benefits implied by law, we hold the following language in *Wallace* makes that difference unimportant:

> This result may seem to fly in the face of one of the declared purposes of the no-fault act: "the coordination of benefits to avoid duplicate recovery." * * * The legislature, however, has chosen to make the coordination of benefits provision permissive rather than mandatory * * * and must have anticipated that some insurers would elect not to coordinate benefits. That has happened in this case.

*Id.* at 340 (citations omitted). In *Wallace* the group health insurer had the right to coordinate benefits, but did not. In this case the U.S. Army may have had the right to coordinate benefits with the primary obligors, appellant and respondent insurance companies, but apparently chose not to do so. Thus the no-fault insurers may not coordinate benefits with those paid by the army, nor may they offset their own obligation with the amounts paid by the army.

### 3. Coordination of Income Loss Benefits

While Hoeschen recovered from his injuries he continued to receive payment from the U.S. Army. Hoeschen claims those payments were sick leave benefits which, because depleted, result in income loss. Appellant and respondent Mutual Service claim those payments were not depletable sick leave benefits and therefore Hoeschen suffered no income loss. The trial court characterized the payments as sick leave benefits and concluded Hoeschen suffered income loss.

■ After reviewing the pleadings, and the record submitted with the motion for summary judgment, we can find no factual basis for determining the character of the army payments. Since this question concerns a material fact which the parties dispute, we remand this matter to the trial court for consideration of any evidence the parties may offer.

### DECISION

The Minnesota No-Fault Act requires appellant to provide basic economic loss benefits to respondent Hoeschen. Appellant and respondent insurers may not coordinate medical expense loss benefits with payments made by the U.S. Army. A disputed material question of fact exists on Hoeschen's income loss which makes summary judgment on appellant and respondent insurers' right to coordinate income loss benefits inappropriate.

Affirmed in part, reversed in part and remanded.