Jason J. STOUT, Respondent,

v.

AMCO INSURANCE COMPANY, Appellant,

Andrew Pangrac, et al., Defendants.

No. CX–01–246.

Court of Appeals of Minnesota.

Aug. 21, 2001.

Steven R. Peloquin, Peloquin & Minge, P.A., New York Mills, for respondent.

George C. Hottinger, Erstad & Riemer, P.A., Minneapolis, for appellant.

Considered and decided by TOUSSAINT, Chief Judge, and HALBROOKS and LINDBERG, Judges.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. Art. VI, § 10.

## OPINION

LINDBERG, Judge. *

Appellant AMCO Insurance Company contends that the district court erred in finding it liable for the full amount of respondent's medical expenses instead of the reduced amount that respondent's medical providers accepted based on their contractual agreements with Medica Choice (through MinnesotaCare) and Medicaid. Appellant also contends that the district court erroneously calculated the statutory interest award. Because we find no error in the district court's decision, we affirm.

## FACTS

In July 1993, respondent Jason Stout injured both of his knees in a car accident. His medical bills totaled $25,638.73—$9,184.90 for injuries to his right knee and $16,453.83 for injuries to his left knee. Respondent submitted a no-fault claim to appellant AMCO Insurance Company because it insured the vehicle that injured respondent in the accident. Appellant contested liability by first claiming that the policy did not cover the accident and later by claiming that the accident did not cause the left-knee injuries. After a jury determined that the automobile was being used for transportation purposes, the district court ordered appellant to pay no-fault and liability coverage for respondent's injuries. After a second jury determined that the accident caused the left-knee injuries, the district court again ordered appellant to pay for respondent's injuries.

Meanwhile, the Department of Human Services,[1] through Medicaid and Medica Choice, had paid respondent's medical bills

---

1. Respondent, who was uninsured at the time, applied to the Department of Human Services for medical assistance and was accepted.

in accordance with a fee schedule that limited what the medical-service providers could charge for their services. Pursuant to the fee schedule, Medicaid paid $4,341.28 to the medical providers, Medica Choice paid $987.44, and respondent paid $2,627.72. The medical-service providers accepted these payments as payments in full even though the payments were $13,167.29 less than the bills originally submitted.

Respondent brought an action to enforce the judgment when appellant refused to reimburse him for the full amount of the medical bills. The district court found that appellant was responsible for the full amount, up to the $20,000 policy limit, even though respondent would not be liable to the service providers for the $13,167.29 reduction in billing, and also found appellant liable under the statute for interest on the unpaid bills.

### ISSUES

1. Did the district court err in determining the amount of respondent's loss?

2. Does appellant have standing to claim entitlement to medical-expense benefits?

3. Did the district court err when it calculated statutory interest?

### ANALYSIS

■ Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey*, 584 N.W.2d 390, 392–93 (Minn. 1998).

1. *Amount of loss*

■ Appellant contends that the court should have determined that the amount of respondent's loss was the amount due after the medical providers reduced respon-

dent's bills in accordance with their contractual agreements with Medicaid and Medica Choice. The district court rejected this argument for "three separate reasons." The court found appellant's position was inconsistent with the no-fault act's purpose of ensuring prompt payment of expenses, inconsistent with the plain language of the act, and contrary to case law. We find no error in the district court's reasoning.

The Minnesota No–Fault Automobile Insurance Act provides that "[b]asic economic loss benefits shall be primary." Minn. Stat. § 65B.61, subd. 1 (2000). The act states that "economic loss benefits are payable monthly as loss accrues," and "[l]oss accrues not when injury occurs, but as * * * medical * * * expense is incurred." Minn.Stat. § 65B.54, subd. 1 (2000). Thus, under the plain language of the act, respondent incurred medical expenses each time he sought treatment, and the bills sent to respondent represent the expenses incurred.

■ Nevertheless, appellant contends that respondent did not suffer a $25,000 "loss" because the Department of Human Services paid his bills and its medical lien did not include the discounted portion of the bills. Under appellant's theory, the time to measure loss would be after other insurers have stepped in and negotiated with the medical-service providers to discount the bill. As the district court noted in its memorandum, this argument contravenes two cases holding that a no-fault insurer cannot offset its obligation to pay benefits because other insurers have paid benefits. The Minnesota Supreme Court has held that a no-fault insurer cannot offset its obligation to pay benefits with the benefits already paid by a health-insurance provider. *Wallace v. Tri–State Ins. Co.*, 302 N.W.2d 337, 340 (Minn.1980). And, relying on *Wallace*, this court held

that a no-fault insurer could not offset its obligation to pay benefits with amounts paid by the U.S. Army. *Hoeschen v. Mutual Serv. Cas. Ins. Co.,* 359 N.W.2d 677, 680 (Minn.App.1984), *review denied* (Minn. Mar. 6, 1985). We find both cases persuasive and hold that the Department of Human Services' intervening acts do not alter appellant's obligation to pay benefits.

Both *Wallace* and *Hoeschen* recognized that the injured party would receive a windfall if the no-fault insurer paid the full amount. The courts nonetheless ordered the no-fault insurer to pay because its obligation is primary. *Wallace,* 302 N.W.2d at 340; *Hoeschen,* 359 N.W.2d at 680. Appellant's payment of those bills reinforces the act's overriding purpose to "encourage appropriate medical and rehabilitation treatment * * * by assuring prompt payment for such treatment." Minn.Stat. § 65B.42(3) (2000). We find unpersuasive appellant's argument that its payment of the full amount would constitute an unauthorized, double penalty.

### 2. *Standing*

 Appellant contends that respondent lacks standing to recover the discounted portion of the bills because respondent has satisfied all his payment obligations. "To have standing, a plaintiff must show a personal stake in the outcome of the controversy, and must allege specific, concrete facts showing she has been personally harmed." *Villars v. Provo,* 440 N.W.2d 160, 162 (Minn.App.1989) (citing *Warth v. Seldin,* 422 U.S. 490, 498–500, 95 S.Ct. 2197, 2205–06, 45 L.Ed.2d 343 (1975)). Even though respondent has no more out-of-pocket expenses, we find that he does have a personal stake in recovering all amounts to which he is entitled under the act. Therefore, he has a personal stake sufficient to satisfy standing requirements.

### 3. *Interest calculation*

Appellant contends that the district court erred in determining the date interest began to accrue. The no-fault act subjects an insurer to penalty interest on overdue payments of no-fault benefits. Minn.Stat. § 65B.54, subds. 1–2 (2000). Payments are overdue if not paid within 30 days of the date they are submitted. *Id.,* subd. 1. Appellant cites no authority for its determination of the proper accrual date, and we find no error in the district court's calculation of statutory interest.

### DECISION

The district court properly held appellant liable for the full amount of respondent's medical bills, did not err in concluding that respondent had standing, and properly calculated the penalty interest.

Affirmed.