# NORTHERN STATES POWER COMPANY v. MARTIN ESPERSON AND OTHERS. MARGARET SLINEY MINSER AND OTHERS, APPELLANTS.

144 N. W. (2d) 372.

July 22, 1966—No. 39,942.

*Richard E. Kyle, M. J. Galvin, Jr., Jonathan H. Morgan,* and *Briggs & Morgan,* for appellants.

*John H. Rheinberger* and *Ralph S. Towler,* for respondent.

NELSON, JUSTICE.

This appeal involves an eminent domain proceeding brought by Northern States Power Company to acquire easements and rights-of-way across property including that of appellants, Margaret Sliney Minser, Mary A. Sliney, Geraldine Sliney, and Rose T. Sliney.

Northern States, a public service corporation operating under the laws of this state, sought to condemn about 7½ acres of appellants' 160-acre tract for construction of an electric transmission system. The district court appointed three commissioners to ascertain and report the amount of damages which appellants would sustain on account of the taking of their property. On August 2, 1962, the commissioners awarded appellants $12,000 for the taking by respondent corporation.

Northern States appealed from the commissioners' award to the District Court of Washington County. At the trial before a jury the owners called one of the commissioners, John L. Currell, as a witness. Currell was asked on direct examination whether he had been appointed a commissioner in the instant case. Northern States objected on the ground that such testimony was inadmissible in a trial on an appeal from a condemnation award in proceedings in which a public service corporation was the condemnor. The owners made an offer of proof to the court in chambers and out of hearing of the jury indicating that Currell would testify (1) that he had been a commissioner in the condemnation proceeding; (2) that he had participated in the making of an award to appellants for damages to their property; and (3) that the award of the commissioners was in the amount of $12,000.

The trial court ruled that Currell could not testify as to the amount of the commissioners' award and could not testify that he had acted as a commissioner.

Currell did, however, testify as a qualified expert that in his opinion the owner-appellants had suffered damages to their property in the amount of $12,000. He also testified that the highest and best use of the property was residential and that its value had declined from $95,000 to $83,000. The owners called one other witness, Wayne E. Watson, who testified that in his opinion the property was damaged in the amount of $15,000. Northern States called two expert witnesses: Robert J. Moder, who testified that in his opinion the damages were $2,900, and Ernest M. Williams, who testified that in his opinion the damages were $2,500.

The jury deliberated for more than 6 hours and by a vote of 10 to 2 returned a verdict of $3,600.

The owners appeal from an order denying their subsequent motion for a new trial. Errors assigned on the appeal are (1) the refusal of the trial court to allow witness John Currell to testify as to the amount of the commissioners' award, and (2) the refusal of the trial court to allow Currell to testify that he had acted as a commissioner.

The trial court in a memorandum accompanying its order denying a new trial admits that it was error not to allow Currell to testify that he was a commissioner in the instant case, but indicates that it was not prejudicial inasmuch as Currell testified that he had acted as a commissioner in other cases and otherwise qualified himself as a real estate expert. The court, however, adhered to its position that his testimony as to the amount of the award was inadmissible. It adopted the view that Northern States, being a public service corporation, was not governed by Minn. St. 117.20, subd. 8(c), as interpreted by this court in State, by Lord, v. Pearson, 260 Minn. 477, 110 N. W. (2d) 206, and State v. Robinson, 266 Minn. 166, 123 N. W. (2d) 812. The trial court determined that § 117.20, subd. 8(c), has application only to condemnation proceedings brought by the state or one of its political subdivisions.

■ Subd. 8, added to § 117.20 by a 1959 amendment, provides in part:

"Subd. 8. In all eminent domain proceedings instituted by the state or any of its agencies or political subdivisions or any of its agencies, the following *additional* provisions shall control:

\* \* \* \* \*

"(c) \* \* \* Except as herein otherwise provided, the trial shall be conducted and the cause disposed of according to the rules applicable to ordinary civil actions in the district court. *A commissioner in a condemnation proceeding may be called by any party as a witness to testify as to the amount of the award of the commissioners.*" (Italics supplied.)

Northern States contends that the trial court correctly determined that this provision does not apply to condemnation proceedings instituted by public utilities. Appellants contend that this construction is erroneous and is not compatible with Pearson and Robinson.

Chapter 117, which prescribes the manner for taking private property for public use in Minnesota, is the result of an enactment by the legislature in 1905 designed to provide a uniform procedure applicable in all eminent domain proceedings except those specifically excluded by Minn. St. 117.01. Barmel v. Minneapolis-St. Paul Sanitary Dist. 201 Minn. 622, 277 N. W. 208.

Section 117.13 prescribes the general mode of appeal to the district court from an award of the commissioners, and § 117.14 provides in part as follows:

"\* \* \* Except as herein otherwise provided, the trial shall be conducted and the cause disposed of according to the rules applicable to ordinary civil actions in the district court."

Clearly there is nothing in § 117.14 which precludes admission of the amount of the commissioners' award in any appeal from such an award. Section 117.20 sets forth certain procedural requirements in proceedings instituted by the state and its political subdivisions. Some of these requirements vary from those set forth in other parts of c. 117, such as the time within which an appeal must be taken. These variances are, in each instance, purely procedural and not evidentiary, and are not material to the evidentiary question involved on this appeal.

Careful examination of the provisions of c. 117 indicates that § 117.20, subd. 8(c), is—except for a provision concerning costs—identical to § 117.14, with the exception of the last sentence, quoted above, which appeared for the first time in c. 117 in the 1959 amendment. Nowhere in

any of the provisions of c. 117 or in the exclusionary rules of evidence set forth in other statutes is there any provision prohibiting the introduction into evidence of the commissioners' award at a trial on appeal to the district court. We think it clear that the 1959 amendment to § 117.20, which provides that a commissioner may be called by any party as a witness to testify as to the amount of the award, establishes a rule of evidence; that the intention of the legislature was to allow the amount of the commissioners' award to be submitted by either party in a condemnation proceeding as evidence of damage, and that the rule adopted must apply in all condemnation cases, including those in which a public service corporation or a public utility is the condemnor. This conclusion is supported by the two decisions cited by appellants as controlling: State, by Lord, v. Pearson, *supra,* and State v. Robinson, *supra.*

In the Pearson case the state condemned certain lands for trunk highway purposes. At the trial on appeal to the district court the landowner called one of the commissioners as a witness. The commissioner testified as to the amount of the award and was thereafter subjected to cross-examination by counsel for the state. This court held that § 117.20, subd. 8(c), did not limit an adverse party's right of cross-examination of a commissioner called to testify as to the amount of the award and that such cross-examination in the trial was proper. We also observed (260 Minn. 481, 110 N. W. [2d] 210):

"Prior to the enactment of § 117.20, subd. 8(c), the general practice was to hold an award of the commissioners inadmissible. Sherman v. St. Paul, M. & M. Ry. Co. 30 Minn. 227, 15 N. W. 239; 6 Dunnell, Dig. (3 ed.) § 3112; * * *."

An examination of the Sherman case discloses that it involved condemnation by a railroad, a public service corporation. In that case the court held that it was not error for the trial court to refuse to permit the record of the amount awarded by the commissioners to be placed in evidence before the jury. It will be observed that the Sherman case was decided in 1883 and the amendment of § 117.20 was enacted in 1959. This court, by citing in Pearson the holding in the Sherman case as "the general practice" prior to the enactment of § 117.20, subd. 8(c), clearly in-

dicated that Sherman is no longer the law in this state on the issue of whether the amount of an award is admissible.

In the Pearson and Robinson cases this court specifically referred to §§ 117.14 and 117.20, subd. 8(c), as contemplating an identical rule of evidence in all condemnation appeals—that is, a rule permitting any party to call a commissioner to testify as to the amount of the award and permitting cross-examination by the other party, as in any trial conducted under the Rules of Civil Procedure, to uncover the basis of the witness' expressed opinion. Nowhere in those cases did this court indicate or suggest any distinction with respect to a rule of evidence between trials in which the state or a political subdivision is the condemnor and those in which the condemnor is a private corporation. No such distinction can be reasonably drawn.

It is generally understood that courts have the power to establish rules of evidence. 1 Wigmore, Evidence (3 ed.) § 7 (1964 Supp.). Thus, since the Minnesota legislature has already declared the rule abolishing the court-made rule of the Sherman case, which excluded the evidence of the amount of the commissioners' award, there can be no doubt that this court unless prohibited by statute can extend that legislative policy to the instant case, as it has already indicated should be done in the Pearson and Robinson cases.

■ Any other conclusion would deny to appellants equal protection of the law. We have held that a classification for purposes of legislation, to be valid, must be based upon some reason of public policy growing out of the condition or business of the class to which the legislation is limited. It is the province of the legislature to draw the line marking the boundary between one class and another, and between the several classes and the general public. Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412. However, as was said in State v. Pehrson, 205 Minn. 573, 287 N. W. 313, 123 A. L. R. 1045, the rights of all persons must rest upon the same rule under similar circumstances; and where classification is adopted it must be based on some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed. For instance, this court in the recent case of City of St. Paul v. Dalsin, 245 Minn. 325, 71 N. W.

(2d) 855, held unconstitutional a municipal ordinance which imposed restrictions upon some persons engaged in the roofing business but not upon others engaged in the same business under similar circumstances. See, also, George Benz Sons, Inc. v. Ericson, 227 Minn. 1, 34 N. W. (2d) 725; State v. Northwestern Preparatory School, Inc. 228 Minn. 363, 37 N. W. (2d) 370; 1 Nichols, Eminent Domain (3 ed.) § 4.15.

This court in the case of Cameron v. Chicago, M. & St. P. Ry. Co. 63 Minn. 384, 388, 65 N. W. 652, 653, 31 L. R. A. 553, 555, said:

"* * * The legislature * * * cannot adopt a mere arbitrary classification, even though the law be made to operate equally upon each subject of each of the classes adopted. The classification, to be valid, must be based upon some reason of public policy, growing out of the condition or business of the class to which the legislation is limited."

In this case it seems clear that there is no basis in public policy for separating cases in which the state or a political subdivision is the condemnor from those proceedings in which others are condemnors. To construe § 117.20, subd. 8(c), as applying only to proceedings in which the state or a political subdivision is the condemnor denies other condemnors equal protection of the law. We conclude that in all condemnation proceedings within the scope of c. 117 a commissioner may be called by any party as a witness and may testify as to the amount of the award made, subject to cross-examination as described in the Pearson and Robinson cases.

Since the trial court erred in limiting as it did the testimony of the witness Currell and such error was clearly prejudicial to the rights of appellants, a new trial is required.

Reversed and new trial granted.