335 N.W.2d 717 (1983)
In Re OBJECTIONS AND DEFENSES TO REAL PROPERTY TAXES FOR the 1980 ASSESSMENT.
VILLAGE APARTMENTS, et al., petitioners, Appellants,
v.
STATE of Minnesota and County of Ramsey, Respondents.
No. C8-82-1451.
Supreme Court of Minnesota.
July 8, 1983.
Lapp, Lazar, Laurie & Smith, Benjamin J. Smith, John M. Gendler and John R. Stoebner, Minneapolis, for appellants.
Thomas W. Foley, County Atty., and Janet R. Stenborg, Asst. County Atty., St. Paul, for respondents.
Considered and decided by the court en banc without oral argument.
*718 KELLEY, Justice.
Appellants, owners of unimproved property in Ramsey County, commenced this action on behalf of themselves and others similarly situated to compel Ramsey County to reclassify the properties for tax purposes in 1980 in accordance with Chapter 607, Article II, Section 13, 1980 Minnesota Laws 1160, 1203. Appellants moved the trial court for certification of a class action pursuant to Minn.R.Civ.P. 23. Holding that appellants had failed to satisfy the "commonality" requirements of Rule 23, the trial court denied the motion on July 27, 1981. Appellants then sought to appeal that denial to this court. We held the order denying certification was not appealable under Minn.R.Civ.App.P. 103.03(d), (f) and (h).[1] We remanded the matter to the trial court for further proceedings. On remand, the Ramsey County Assessor agreed to change the classification of the appellants' properties. This agreement was incorporated with the trial court's previous order denying class certification into a final judgment dated August 5, 1982. Appellants again appeal, challenging the order denying class certification. We affirm.
In 1980, the legislature amended Minn. Stat. § 273.13, subd. 9 to provide that real property which is not improved with a structure and which is not utilized as a part of a commercial or industrial activity shall be valued for tax purposes at 40% of the market value. Minn.Stat. § 273.13, subd. 9 (1982). Under prior law (Minn.Stat. § 273.13, subd. 9 (1978)), such property was valued and assessed at 43% of market value. The Ramsey County Assessor did not become aware of the 1980 amendment until June of that year. More than 2,700 parcels of real estate had to be re-examined to determine whether they qualified for the reduced rate. Thus, as a practical matter, it was impossible for the county to implement the amendment and comply with statutory deadlines for notifying taxpayers of value and classification and convening the local equalization boards. The assessor therefore retained the existing classification for 1980.[2] Appellants' properties were in 1980, therefore, assessed at 43% of market value as were all other properties that might have been entitled to the reduced rate. Thereafter, the assessor established a program of field examinations and abatement designed to correct any errors stemming from the delay in implementation of the amendment. Each parcel of real estate had to be individually examined to determine that (1) it was not improved with a structure, and (2) it was not utilized as part of a commercial or industrial activity. If a parcel met both tests, it was reclassified and abatement of the 1980 tax was made.[3]
1. At the outset, we must determine whether the issue of certification is moot since appellants have settled their individual claims. None of our cases have directly addressed this issue. Under the *719 federal class action provision, Fed.R.Civ.P. 23, which is similar to Minn.R.Civ.P. 23, an action brought on behalf of a client does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied. United States Parole Commission v. Geraghty, 445 U.S. 388, 404, 100 S.Ct. 1202, 1212, 63 L.Ed.2d 479 (1980). However, if the substantive claims of the plaintiff become moot by settlement, the appellate court retains no jurisdiction of the controversy of the individual plaintiff. Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 332, 100 S.Ct. 1166, 1170, 63 L.Ed.2d 427 (1980) (dictum).
In our view, a plaintiff who institutes a class action presents two separate issues for adjudication. One is its claim on the merits; the other is the claim that it is entitled to represent a class. Judgment in favor of the named plaintiff on the first issue should not prevent appeal on the second. In our prior opinion herein, we held that an appeal from the certification denial was unavailable  in effect, premature  and remanded for trial. If we were to now hold plaintiffs could not have review of the order denying certification because personal claims were adjudicated, we would effectively be denying a class action plaintiff from ever getting a review on that issue. Accordingly, we hold that, notwithstanding appellants' claim on the merits has been resolved by judgment, appellants are entitled to challenge the trial court's denial of class certification on appeal.
2. Under Minn.R.Civ.P. 23.01, before a trial court may certify a class four qualifications must be met.[4] Minn.R.Civ.P. 23.02 establishes a second level of qualifications which must be met. In a case such as this, the court must find that questions of law or fact common to the members of the class "predominate" over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Minn.R.Civ.P. 23.02(3). The trial court based its denial of class certification on the absence of the "commonality" requirement. It is clear the only possible common element affecting all the members of the putative class is the assessor's uniform failure to implement the amendment to section 273.13, subd. 9 when making the classification and assessments in 1980. Assessor Ellis admitted that he had not complied with the statute, agreed to comply as soon as possible, and, in fact, did so. Thus, the only fact common to the members of the proposed class is undisputed and admitted by the respondents. There therefore exists no common question in this case mandating unitary adjudication. See generally 1 H. Newberg, Class Actions § 1110f, at 184 (1977).
The only remaining questions between the members of the class and the respondents relate to whether individual properties owned by the members of the putative class qualify for the lower assessment rate and, if so, how much refund or adjustment is due. Obviously, these are issues inherently individual in nature. Appellants contend that the assessor's action had a "uniform effect" on class members. Even if this assertion is correct, for "commonality" to exist, the behavior causing the common effect must be subject to some dispute. Here, the common fact is a non-issue. It has been admitted by respondents.
Moreover, Rule 23.02(3) provides that common questions must "predominate" over individual questions. Since the failure to properly assess the 1980 tax is admitted, each individual property must be evaluated to determine whether it meets the two-prong test of the 1980 amendment. Clearly, there are no common questions that "predominate" over individual issues.
In the absence of a showing of "commonality," we affirm the trial court's order *720 denying certification of this case as a class action.
Affirmed.
NOTES
[1] In re Objections and Defenses to Real Property Taxes for the 1980 Assessment, Village Apartments v. State, 320 N.W.2d 729 (Minn. 1982).
[2] This procedure was permitted by Minn.Stat. § 273.01 (1982) which provides in relevant part:

In the event a valuation and classification is not placed on any real property by the dates scheduled for the local board of review or equalization the valuation and classification determined in the preceding assessment shall be continued in effect * * *. The county assessor * * * may either before or after the dates specified herein correct any errors in valuation of any parcels of property, that may have been incurred in the assessment * * *.
[3] By the time this appeal was ripe for resolution, all refunds and adjustments for all parcels had been made. Supplemental Affidavit of Assessor Ellis dated December 15, 1982. Normally, this court will not consider papers not filed in the trial court. Minn.R.Civ.App.P. 110.01. However, when the evidence is documentary evidence of a conclusive nature (uncontroverted) which supports the result obtained in the lower court, we may do so. See Mattfeld v. Nester, 226 Minn. 106, 122, 32 N.W.2d 291, 304 (1948); Plowman v. Copeland, Buhl & Co., Ltd., 261 N.W.2d 581, 583-84 (Minn.1977). Here, the affidavits of Assessor Ellis are conclusive in nature and essentially uncontradicted. Moreover, the probability that they accurately recite the facts is high because the facts are a matter of public record. Finally, our disposition of this case is not dependent upon reliance on the affidavits.
[4] Those qualifications are: (1) the class must be so numerous that joinder of all members is impracticable (the "numerosity" requirement); (2) there must be questions of fact or law common to the class (the "commonality" requirement); (3) the claims of the representative parties must be typical of those of the class (the "typicality" requirement; and (4) the representative parties must be able to fairly and adequately protect the interests of the class.