**Dayle NOLAN, etc., Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

**No. C9–84–569.**

Court of Appeals of Minnesota.

Oct. 9, 1984.

Mark M. Nolan, Peter J. McCall, Stapleton, Nolan & McCall, St. Paul, for appellant.

J. Richard Bland, Douglas J. Muirhead, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for respondent.

Heard, considered, and decided by LANSING, P.J., and WOZNIAK and FORSBERG, JJ.

### OPINION

WOZNIAK, Judge.

This is an appeal from a judgment denying appellant Dayle Nolan's motion to certify the present action as a class action and name herself as the representative of the class. We affirm.

### FACTS

Dayle Nolan, an attorney, was injured in an automobile accident. As a result, she was able to earn only $200 in the week following the accident instead of her usual $500. Nolan did, however, receive an additional $300 from her employer that week as part of a "wage continuation program."

Nolan filed a claim with Respondent State Farm Mutual Automobile Insurance Company for an income loss of $200, the statutory weekly maximum benefit. State Farm denied her claim, due to its policy of deducting any amount earned during the

week from the $200 maximum benefit. The Minnesota Supreme Court subsequently held State Farm's method of computing income loss benefits void under Minn.Stat. § 65B.44 (1980), stating that any earnings were to be deducted first from any uncompensated income loss rather than from the $200 maximum. *Prax v. State Farm Mutual Automobile Insurance Co.*, 322 N.W.2d 752, 755 (Minn.1982).

Shortly after the *Prax* decision, Nolan brought the present action in her individual capacity and as a representative of a class of individuals. She alleged that State Farm had routinely underpaid income loss benefits to its claimants due to its erroneous method of computing benefits. Before trial, Nolan made little, if any, effort to determine the number of persons who were in her proposed class, or to educate herself as to the issues in her case. The trial court denied her motion to certify the present action as a class action and name herself as the representative of the class. The parties then entered into a settlement of Nolan's individual claim, with the express understanding that the settlement placed the case in the proper procedural setting to allow Nolan to appeal the order denying class certification. Appellant has been counseled and represented at all stages by her husband, Mark Nolan, and his firm.

## ISSUE

Has appellant adequately established the prerequisites for class action certification contained in Minn.R.Civ.P. 23?

## ANALYSIS

Rule 23.01 of the Minnesota Rules of Civil Procedure states the prerequisites to a class action:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the represent-

ative parties will fairly and adequately protect the interests of the class.

Nolan has failed to meet the commonality prerequisite. After *Prax*, there is no remaining question of law which is common to all members of the class. The only remaining questions are those between individual policyholders and State Farm, and relate to whether an individual is due some additional benefit and its amount. These issues are inherently individual in nature. It is not enough for Nolan to assert that all the claims are "related" through State Farm's erroneous interpretation of the law. *Village Apartments v. State*, 335 N.W.2d 717, 719 (Minn.1983).

We also note in passing appellant's admission that she suffered no monetary loss or loss of any kind, and the conflict of interest issues that may arise when a class representative is married to the lawyer who seeks to be named attorney for a class action.

## DECISION

Nolan has not met the commonality prerequisite to class action certification.

Affirmed.