Pamela Gay **VILLARS, individually and on behalf of all persons similarly situated, Appellant,**

v.

**Jack M. PROVO, District Court Administrator, Hennepin County, et al., etc., Dale Folstad, Treasurer of Hennepin County, Minnesota Coalition for Battered Women, amicus curiae, Respondents.**

No. CX–88–2016.

Court of Appeals of Minnesota.

May 23, 1989.

---

## OPINION

FORSBERG, Judge.

Appellant Pamela Gay Villars brought this action against respondents Jack M. Provo (the district court administrator of Hennepin County), Dale Folstad (Hennepin County treasurer), and Michael M. McGrath (State of Minnesota treasurer), challenging the constitutionality of Minn. Stat. § 357.021, subd. 2a (1988). This appeal is from an order denying Villars' motions for class certification and for injunctive relief. We affirm.

## FACTS

Minn.Stat. § 357.021, subd. 2a was enacted in 1981 and requires a portion of the filing fee for dissolutions to be used to provide funding for programs serving battered women and displaced homemakers. *See* 1981 Minn.Laws ch. 360, art. 2, §§ 41, 42. Current law provides that a petitioner for dissolution in Hennepin County pays total filing fees of $63. *See* Minn.Stat. §§ 357.021, subd. 2(1); 140.421 (1988). The cost of filing for plaintiffs in other civil actions is also $63. *See* Minn.Stat. §§ 357.-021, subd. 2(1); 480.241; 480.245; 140.421 (1988).

On November 25, 1987, Villars filed a petition for dissolution of marriage in Hennepin County District Court. Under protest, she paid the $63 filing fees. She then filed this action challenging the constitutionality of Minn.Stat. § 357.021, subd. 2a (1988).

Villars filed motions for injunctive relief and for certification of a plaintiff class. At a hearing on these motions, respondents produced a copy of the receipt Villars received when she paid her dissolution filing fee which stated through its itemization that Villars was filing a civil suit other than a marital dissolution suit. Thus, no funds obtained from Villars' dissolution fees were actually paid to the state treasurer for distribution to programs for battered women or displaced homemakers. Immediately after the hearing, Villars' attorneys interviewed a clerk of court who explained

Robert E. Van Nostrand, Northfield, Mark A. McGrath, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Paula G. MacCabee, Spec. Asst. Atty. Gen., St. Paul, Mary L. Egan, Hennepin Co. Atty. Office, Minneapolis, Loretta Frederick, Winona, for respondents.

Heard, considered, and decided by PARKER, P.J., and FORSBERG and KALITOWSKI, JJ.

this discrepancy as a clerical error resulting when the wrong key was struck on the cash register at the clerk's office.

### ISSUES

1. Is that portion of the district court's order denying class action certification appealable?

2. Did the district court err in ruling that Villars had no standing?

3. Did the district court abuse its discretion in denying Villars' motion for injunctive relief?

### ANALYSIS

#### I.

■ The supreme court specifically has held that an order denying certification of a class action is not appealable as of right. *In Re Objections and Defenses*, 320 N.W. 2d 729, 731 (Minn.1982), *appeal after remand*, 335 N.W.2d 717 (Minn.1983). A plaintiff who institutes a class action presents two separate issues for adjudication: one is its claim on the merits, and the other is the claim that it is entitled to represent a class. Judgment in favor of the named plaintiff on the first issue should not prevent appeal on the second. *Id.*, 335 N.W.2d at 719. In this case, we believe that appeal from the certification denial is premature. Villars may continue to litigate her individual claims (for declaratory, monetary, and injunctive relief) and proceed to a judgment from which she may then appeal denial of her motion for class certification.

Denial of Villars' motion for injunctive relief is, however, reviewable as an appeal "from an order which grants, refuses, dissolves or refuses to dissolve, an injunction[.]" Minn.R.Civ.App.P. 103.03(b). Because the court's conclusion that Villars lacked standing has an effect on its denial of her motion for injunctive relief, we will also address the standing issue. *See* Minn. R.Civ.App.P. 103.04 ("On appeal from or review of an order the appellate courts may review any order affecting the order from which the appeal is taken * * *. They may review any other matter as the interest of justice may require").

#### II.

■ The district court concluded that Villars lacked standing because none of her filing fees had been distributed under the challenged statute to battered women and displaced homemakers. Villars insists that she has a personal stake in the outcome of this litigation, and that her filing fees were not credited to the appropriate fund due merely to clerical error. We agree that it would be patently unfair to dismiss Villars' claims based solely on the fact that the clerk struck the wrong key on the cash register.

To have standing, a plaintiff must show a personal stake in the outcome of the controversy, and must allege specific, concrete facts showing she has been personally harmed. *See Warth v. Seldin*, 422 U.S. 490, 498–500, 95 S.Ct. 2197, 2205–2206, 45 L.Ed.2d 343 (1975). Both Villars and the clerk accepting her fee assumed it was a dissolution filing fee. The fact that the $63 fee was the same amount as that charged for other civil actions is not determinative; Villars still suffered an injury in fact because she was required to pay more fees than she otherwise might have, had the statute not provided funding for programs for battered women and displaced homemakers. We therefore find that Villars has standing to pursue her claims.

#### III.

■ The issuance of an injunction rests within the discretion of the trial court. *Cherne Industrial, Inc. v. Grounds & Associates, Inc.*, 278 N.W.2d 81, 91 (Minn. 1979). Villars moved (1) to enjoin respondents and "the clerks and treasurers of all other counties in the State of Minnesota" from collecting any fees under Minn.Stat. § 357.021, subd. 2a, and (2) to create a Special Protest Fund where the fees in controversy would be placed until the constitutionality of the statute is determined.

The district court concluded that Villars had not met her burden of showing that equitable relief was needed or that she

would suffer great or irreparable harm if injunctive relief were denied. We agree. Villars has failed to show that money damages would be inadequate; she has also failed to identify the harm she will suffer if injunctive relief is denied.

The district court further denied Villars' motion for injunctive relief based on the substantial hardship such relief would have on respondents and on the unlikelihood that Villars will succeed on the merits. *See Dahlberg Brothers, Inc. v. Ford Motor Co.,* 272 Minn. 264, 274–75, 137 N.W.2d 314, 321–22 (1965) (court's discretion to grant or deny injunctive relief further governed by five factors, including nature of the relationship between the parties, relative hardships, likelihood of success, public policy, and administrative burdens). ·

Villars first asserts that the burden on respondents should the injunction be granted would be minimal because all of the funds collected would still be available should respondents prevail and because the state has reserves should temporary funding of programs be necessary. Contrary to Villars' assertions, however, the district court made extensive findings (which were supported by affidavits submitted by respondents) that the programs funded by the challenged fees would be in jeopardy should those fees be disturbed. Given these findings, the relative hardships factor weighs heavily against the granting of injunctive relief.

Villars next disagrees with the district court's conclusion that injunctive relief is inappropriate because she is unlikely to succeed on the merits. She relies heavily upon *Crocker v. Finley,* 99 Ill.2d 444, 77 Ill.Dec. 97, 459 N.E.2d 1346 (1984), which involved constitutional challenges to an Illinois statute imposing an additional $5 dissolution fee to fund a domestic violence shelter. We find *Crocker* neither controlling nor persuasive because it involved assessment of an *additional* fee, and was based on interpretation of Illinois law. *See Browning v. Corbett,* 153 Ariz. 74, 77, 734 P.2d 1030, 1033 (1986) (rejects *Crocker* and finds that a similar dissolution filing fee statute violates neither equal protection nor due process).

Indeed, the likelihood that Villars will succeed on the merits of her claims is slight. While in *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), the Supreme Court held that denial of the opportunity for indigent persons to have a dissolution hearing violated due process, the Court did not go so far as to hold that there is a fundamental right to divorce. Even if such a right existed, the statute challenged here does not deny the opportunity for a hearing because the filing fee may be waived if a petitioner is indigent. *See* Minn.Stat. § 563.01, subd. 3 (1988).

In addition, the right to obtain a divorce involves neither suspect criteria nor fundamental rights; statutes or regulations on divorce thus need only satisfy the rational basis test to be constitutional. *See Davis v. Davis,* 297 Minn. 187, 194, 210 N.W.2d 221, 226 (1973) (applied rational relation test to uphold residency requirement for divorce). The rational relationship between dissolution fees and programs for displaced homemakers is evident; although women may be displaced by the death or incapacity of a spouse, many are displaced by the breakup of the family due to divorce. The legislature easily could have reasoned that divorce may precipitate domestic violence and the need for emergency shelter.

Similarly, the challenged statute does not appear to violate equal protection because its purpose bears a reasonable and just relation to the persons required to pay the filing fee. As such, the statute cannot be characterized as arbitrary and capricious. *See Northern States Power Co. v. Esperson,* 274 Minn. 451, 456, 144 N.W.2d 372, 376 (1966).

The statute in question here is also likely to be upheld under the Minnesota Constitution. There has been no violation of the "uniform taxation" clause of Article X, § 1 since the legislature has broad discretion in selecting subjects for taxation, and a statute is presumed to be constitutional under this clause where no fundamental right or suspect class is involved. *Rio Vista Non–*

*Profit Housing Corp. v. Ramsey County,* 335 N.W.2d 242, 245 (Minn.1983), *appeal dismissed,* 464 U.S. 1033, 104 S.Ct. 690, 79 L.Ed.2d 158 (1984). Nor has Article I, § 8 of the Minnesota Constitution (which requires that justice be obtained "freely" and "without purchase" and which has been narrowly construed) been violated in this case. *See Proetz v. Minnesota Board of Chiropractic Examiners,* 382 N.W.2d 527, 533–34 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. May 16, 1986) (clause "was aimed against the corrupt practice of taking bribes and exacting illegal fees in the administration of justice, and never meant that a litigant should have the right to conduct his suit in court without cost") (quoting *Lommen v. Minneapolis Gaslight Co.,* 65 Minn. 196, 208, 68 N.W. 53, 54 (1896)).

Finally, while the "public interest" and "administrative burdens" factors were not specifically addressed by the district court, they too weigh in respondents' favor and against issuance of an injunction. The public interest in maintaining the viability of the challenged statute is clear, and is illustrated by the legislature's continued commitment to enact and maintain laws designed to provide programs for battered women and displaced homemakers. In addition, the proposed injunction is unworkable and would require substantial judicial supervision because it seeks to enjoin not only officials from Hennepin County, but also "the clerks and treasurers of all other counties of the State of Minnesota," who are not parties to this action.

## DECISION

The district court's denial of Villars' motion for class certification is not appealable as of right, and is not reviewable.

Its denial of her motion for injunctive relief is affirmed.

Affirmed.