MINNESOTA AUTOMATIC MERCHANDISING COUNCIL, et al., Appellants,

v.

Matthew G. SMITH, as Commissioner of the Minnesota Department of Revenue, et al., Respondents.

No. C0–03–65.

Court of Appeals of Minnesota.

Aug. 12, 2003.

Walter A. Pickhardt, Lisa R. Pugh, Faegre & Benson, LLP, Minneapolis, MN, for appellants.

Mike Hatch, Attorney General, James W. Neher, Assistant Attorney, General, St. Paul, MN, for respondents.

Considered and decided by TOUSSAINT, Chief Judge, HARTEN, Judge, and MINGE, Judge.

## OPINION

MINGE, Judge.

Appellant trade association of vending-machine operators and appellant vending-machine operator sought a declaratory judgment that the application of the Minnesota sales tax to all sales of food in vending machines under Minn.Stat. §§ 297A.61, subds. 3(d)(4), 31–34, .67, subd. 2 (Supp.2001) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Uniformity Clause of the Minnesota Constitution. The district court granted summary judgment against appellants. Because there is a rational basis for the application of the sales tax to vending-machine sales of food items, and because the distinction between vending-machine sales and sales that may otherwise be exempt is not arbitrary and capricious, we affirm.

## FACTS

In 2001, the Minnesota legislature amended the statutes governing taxation of food sales. 2001 Minn. Laws 1st Spec. Sess. ch. 5, art. 12, §§ 8 (amending Minn. § 297A.61, subd. 3 (2000)), 27–30 (adding Minn.Stat. § 297A.61, subds. 31–34), 36 (amending Minn.Stat. § 297A.67, subd. 2 (Supp.2000)). The amendments were passed as part of the legislature's adoption of the Uniform Sales and Use Tax Administration Act proposed by the Multi–State Streamlined Sales Tax Project. 2001 Minn. Laws 1st Spec. Sess. ch. 5, art. 12, § 84 (codified as Minn.Stat. § 297A.995 (Supp.2001)). The purpose of the streamlined Sales and Use Tax Agreement is to "simplify and modernize sales and use tax administration in order to substantially reduce the burden of tax compliance." Minn.Stat. § 297A.995, subd. 3. This agreement provides for uniform rules and

definitions, access to a simplified electronic registration system for member states, and uniform sourcing rules for taxable transactions. Minn.Stat. § 297A.995 (Supp.2001). Despite these changes, the existing Minnesota law that all vending-machine food sales are subject to sales tax was not changed.

The Minnesota Automatic Merchandising Council (MAMC), a nonprofit membership organization that includes corporations, partnerships, and individuals operating vending machines, and one of its members, MSY Enterprises, Inc. d/b/a Apple Automatic Food Service (Apple), brought a declaratory judgment action challenging the continuing application of a sales tax to food sales through vending machines. Apple operates and maintains 550 vending machines in Minnesota in office buildings, manufacturing plants, shopping centers, and car dealerships. Two of the machines are located near employee lunchrooms. Apple's machines contain a variety of food products, including prepackaged sandwiches, bottled water, cookies, various types of chips, popcorn, soups, and boxed entrees such as lasagna.

MAMC and Apple moved for summary judgment, asking the court to find that the amended statutes are unconstitutional under both the United States and Minnesota Constitutions. The defendants in the action (the Commissioner of Revenue, Minnesota Department of Revenue, and the State of Minnesota) also requested summary judgment dismissing the action.

The disputed changes in the Minnesota sales tax law involve shifting the definition of exempt food sales while maintaining a tax on all food sold through vending machines. The prior sales tax law taxed food "sold by the retailer for immediate consumption on the retailer's premises." Minn.Stat. § 297A.61, subd. 3(d)(1) (2000). The tax also had been applied to food "prepared by the retailer for immediate consumption either on or off the retailer's premises." Id., subd. 3(d)(2) (2000). This covered essentially all sales of food at restaurants, delis, coffee shops, concession stands, and lunch vehicle sales, as well as prepared food sold at convenience stores. The emphasis was on imposing the tax if either the nature of the food product being sold, the place of consumption, or the portion size was covered by the statute. Without exception, under the old law, all vending-machine sales of food were taxed. Id., subd. 3(d)(7) (2000).

Except for vending-machine sales, the new statute uses a functional approach in determining what food sales are exempt from the sales tax. All vending-machine sales of food are taxed. Minn.Stat. § 297A.61, subd. 3(d)(4) (2002). For other retailers, food that is taxed is limited to soft drinks, candy,[1] and *prepared food.* Minn.Stat. § 297A.61, subd. 3(d) (2002). The statute defines "prepared food" as:

(1) * * * food * * * sold with eating utensils provided by the seller, including plates, knives, forks, spoons, glasses, cups, napkins, or straws; or

(2) * * * food * * * sold in a heated state or heated by the seller or two or more food ingredients are mixed or combined by the seller for sale as a single item, except for [exceptions omitted].

Minn.Stat. § 297A.61, subd. 31 (2002).

The district court found that there is a rational basis to distinguish, for sales tax purposes, between vending-machine food

---

**1.** Candy and soft drink sales are taxed in every setting, vending machine or otherwise.

Minn.Stat. § 297A.61, subd. 3(d) (2002).

sales and grocery-type food sales, that the exception to the taxation of eating-establishment food sales for grocery-type foods is consistent with the legislature's intent to avoid taxing food necessities, and that imposing a sales tax on all the sales of food sold through vending machines is constitutional. Accordingly, the district court granted summary judgment in favor of the state and denied summary judgment to MAMC and Apple. This appeal followed.

## ISSUE

Does the imposition of Minnesota sales tax on all vending-machine food sales violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution or the Uniformity Clause of the Minnesota Constitution because some of the same items are tax-exempt when sold by other establishments?

## ANALYSIS

At its core, the challenge to the statute is simple. Appellants contend that the classification in the law is unconstitutional because it makes the sale of vending-machine food always taxable, and it makes the sale of the same food by others taxable only when sold in defined contexts. Appellants contend that this classification is unconstitutional under both the United States and Minnesota Constitutions. Appellants further contend that the statute is discriminatory on its face and thus should be either stricken in its entirety or modified by striking certain language.

■ The scope of protection under the Equal Protection Clause of the United States Constitution and the Uniformity Clause of the Minnesota Constitution is identical. *Lutheran Bhd. Research Corp. v. Comm'r of Revenue,* 656 N.W.2d 375, 382 (Minn.2003). The United States Constitution states that "[n]o state shall * * *

deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Uniformity Clause of Minnesota Constitution requires that "[t]axes shall be uniform upon the same class of subjects." Minn. Const. art. X, § 1. This court has previously addressed the relationship between the Equal Protection Clause and Uniformity Clause. *Westling v. County of Mille Lacs,* 581 N.W.2d 815, 820 (Minn.1998) (stating that neither clause is more restrictive); *Little Earth of United Tribes, Inc. v. Hennepin County,* 384 N.W.2d 435, 441 (Minn. 1986) (finding that both clauses are "equally restrictive of the legislature's power to tax and to classify").

■ Our review is both broad and narrow. It is broad because the constitutionality of a statute is purely a question of law; thus this court reviews the district court order de novo. *Hamilton v. Comm'r of Pub. Safety,* 600 N.W.2d 720, 722 (Minn. 1999). But in examining the statute, the standard is narrow because

> [t]he power of this court to declare a statute unconstitutional is to be exercised only when absolutely necessary and with extreme caution. A statute will not be declared unconstitutional unless the party challenging it demonstrates beyond a reasonable doubt that the statute violates some constitutional provision.

*Miller Brewing Co. v. State,* 284 N.W.2d 353, 356 (Minn.1979) (citations omitted); *Walker v. Zuehlke,* 642 N.W.2d 745, 750–51 (Minn.2002). Additionally, "taxation policy is peculiarly a legislative function," and thus "the courts are very deferential in their review of tax legislation." *Walker,* 642 N.W.2d at 751 (citing *Metro. Sports Facilities Comm'n v. County of Hennepin,* 478 N.W.2d 487, 489 (Minn.1991)). Although parties challenging the constitutionality of a tax statute have a heavy

burden, an arbitrary classification without any rational basis is unconstitutional. *McGuire v. C & L Rest., Inc.*, 346 N.W.2d 605, 613 (Minn.1984); *Northern States Power Co. v. Esperson*, 274 Minn. 451, 457, 144 N.W.2d 372, 376 (1966).

Under the statute at issue, a special class exists just for vending-machine sales. The application of sales tax to food items sold by restaurants and grocery stores is based on the type of product and the context of the sale rather than on the type of establishment selling the product. In contrast, the application of sales tax to food sold by vending-machine operators is based solely on the fact that the method of distribution of the food product is a vending machine and gives no regard to other factors in the sales context.

Although this is not an easy case, we are mindful that this is not the first time Minnesota courts have addressed the question of whether the taxation of vending-machine food sales violates the Equal Protection Clause. *See Associated Food Servs., Inc. v. Comm'r of Taxation*, 298 Minn. 277, 216 N.W.2d 253 (1974). While the language of the pertinent statute in effect at the time of *Associated Food* has changed, the classification issue is parallel. The former law taxed all food sold by vending-machine sales and drew certain distinctions between taxable and nontaxable sales by other retailers. *See, e.g.,* Minn.Stat. § 297A.01, subd. 3(c)(3) (2000). The primary area of conflict appears to have been sales of certain types of packaged and prepared food by grocery and convenience stores compared to such sales in restaurants and by vending machines. In upholding the previous classification, the analysis from *Associated Food* of the differences between vending machines and grocery stores or restaurants is still relevant. That decision noted that the distinction between food sales by grocery stores

and those by restaurants is one of luxury versus necessity: grocery store food is a necessity; restaurant food is a luxury. *Associated Food,* 298 Minn. at 282, 216 N.W.2d at 256. In *Associated Food,* the court declined to focus on potential discrimination and instead determined that a vending-machine operator's primary competition is a coffee shop or snack bar, not the grocery store, and that purchases from a vending machine are a luxury and should be subject to sales tax. *Id.* at 284, 216 N.W.2d at 257. We note these differences not to determine if vending-machine operators are selling prepared foods, and not to determine whether such a luxury versus necessity concept is relevant to the classification in this case, but as an indication of the reluctance of the courts to set aside tax classifications generally and this classification in particular.

In applying both the Equal Protection Clause and the Uniformity Clause, Minnesota has established a three-part test to determine if there is a rational basis for the classification. The test is from *Miller Brewing Co.,* and the three parts are:

(1) The distinctions which separate those included within the classification from those excluded must not be manifestly arbitrary or fanciful but must be genuine and substantial, thereby providing a natural and reasonable basis to justify legislation adapted to peculiar conditions and needs; (2) the classification must be genuine or relevant to the purpose of the law; that is, there must be an evident connection between the distinctive needs peculiar to the class and the prescribed remedy; (3) the purpose of the statute must be one that the state can legitimately attempt to achieve.

*Lutheran Bhd. Research Corp.*, 656 N.W.2d at 382 (citing *Miller Brewing Co.*, 284 N.W.2d at 356).

The first prong of the Miller Brewing test is to determine whether the classification is arbitrary. *Id.* Appellants claim that because vending-machine operators are treated differently from other sellers of the same product, the classification is necessarily arbitrary. But as noted, Minnesota has previously upheld this distinction. *Associated Food*, 298 Minn. 277, 216 N.W.2d 253. In a more recent case, this court stated that classifications are not arbitrary if the court can find some distinctions between the classes. *State v. Gresser*, 657 N.W.2d 875, 882 (Minn.App. 2003). In *Gresser*, we made comparisons between personal watercraft and other motorboats, delineating clear differences between the two kinds of watercraft. We found that personal watercraft are smaller and thus more vulnerable and more maneuverable. *Id.* We held that, based on the differences, the classifications are not arbitrary. *Id.*

By contrast, in *George Benz Sons, Inc. v. Ericson*, this court held a classification differentiating between liquor wholesalers and liquor retailers was arbitrary because both groups sell the same products, and the goal the legislature was trying to achieve applied to both groups. *George Benz Sons, Inc. v. Ericson*, 227 Minn. 1, 15–16, 34 N.W.2d 725, 733 (1948) (finding that controlling sales by manufacturers and wholesalers but not controlling sales by retailers was arbitrary). Thus, unless there are distinctions between the sales of food by vending-machine operators and the sale of food by other establishments, the classification is arbitrary.

■ Going beyond the analysis in *Associated Food*, we note that there are other distinctions between vending-machine operators and other establishments that sell food. When food is sold by a supermarket, restaurant, or snack bar, a person employed by the seller is on the premises to make a decision about the nature of the food and whether it is subject to tax. The employee can differentiate between a *prepared food* and *non-prepared food*. When that decision is based on the availability of utensils or napkins to, or use of the same by, customers or based on other judgment calls, a person on the premises can make the distinction. It is difficult, if not impossible, for a machine to make those distinctions. While the installer of a vending machine may make eating utensils or a microwave oven available, the similarity stops there. The vending machine does not know whether the oven is used or whether napkins are present, and the operator of a vending machine does not provide an employee to make such determinations.

Restaurants, lunch counters, take-out windows, and convenience stores invariably have napkins, and usually straws and some eating utensils, available. To the extent they are selling food with such additional items present, virtually all of their food sales will meet the statutory definition of "prepared food." Minn.Stat. § 197A.61, subd. 31(1)-(2). Only if the "prepared food" definition is not met, will the sale of food not be taxed. The legislature did not give vending-machine operators the opportunity to be in that category with other retailers. Although discriminatory, it is unclear that this is a significant level of discrimination. As a practical matter, it appears that the expansive definition of "prepared foods" will result in the taxation of most food sales by lunch counters and other food service businesses.

If vending-machine operators were treated like other retailers, it is unclear how much of their sales would avoid the "prepared food" test and not be taxed. At

a minimum, vending-machine operators would have to avoid making napkins or other items available for their customers. There is no showing on this record that appellant Apple's vending-machine sales are in settings without napkins or other items, nor is there any showing that any significant portion of the vending-machine business is conducted in that setting.[2] When the legislature decides to maintain a tax classification that has previously been upheld by the courts of this state, we are not prepared to find a slightly modified version of that statutory classification unconstitutional if the impact of the classification is minimal.

Based on the foregoing distinctions regarding staffing, the limited reach of the distinction, and the prior Minnesota decision in *Associated Food*, we determine that the distinction between vending machine and other sales of food is not manifestly arbitrary. The first prong of the Miller Brewing test is satisfied.[3]

The second prong of the Miller Brewing test is to determine whether the classification is relevant to the purpose of the law. *Miller Brewing Co.*, 284 N.W.2d at 356. The underlying purpose of any tax is to generate revenue. Taxing all vending-machine sales raises more revenue. In addition, there are other purposes, including simplicity of administration and ease of retailer compliance. Because the generating of revenue is a legitimate government purpose and the legislature has broad discretion in establishing revenue-raising policies through taxation, taxation of all vending-machine sales fulfills this purpose.

*See Westling*, 581 N.W.2d at 820; *Walker*, 642 N.W.2d at 751 (citing *Metro. Sports Facilities Comm'n*, 478 N.W.2d at 489). In *Associated Food*, this court quoted the esteemed Justice Cardozo who said:

> [t]he operation of a general rule will seldom be the same for everyone. If the accidents of trade lead to inequality or hardship, the consequences must be accepted as inherent in government by law instead of government by edict.

*Associated Food*, 298 Minn. at 285, 216 N.W.2d at 258 (quoting *Fox v. Standard Oil Co. of N.J.*, 294 U.S. 87, 102, 55 S.Ct. 333, 339, 79 L.Ed. 780 (1935)).

Another purpose may be ease of administration. At the simplest level, it is easier to administer a tax on all vending-machine sales than it is to administer a tax on some vending-machine sales but not others. However, this runs the risk of being arbitrary on its face. More significantly, the drafter of the uniform act and the legislatures of the states that adopted the act, including Minnesota, apparently found the "prepared food" concept was easier to administer and more fair than the distinctions formerly used. *See* Minn.Stat. § 297A.995, subd. 3. No longer would grocery stores and convenience stores benefit from distinctions that would result in those stores being able to sell certain foods as tax-exempt while the same foods, if sold by a restaurant or cafe would be taxable. And, if restaurants or cafes wished that their staff control the setting of the purchase, they would now be able to sell single servings of food, other than *prepared food*, without having to collect sales tax.

---

2. Even if there are vending machines in that type of setting, the legislature may have legitimately determined that it did not wish to discourage furnishing napkins and utensils by taxing vending-machine sales with such amenities. This would be related to the purpose of the distinction.

3. The only setting in which the sales tax schedule appears to be unreasonable is bulk food sales by vending machines. However, there is no argument or evidence on this record that any such vending machine exists in Minnesota.

In this sense, the new law simply recasts the *Associated Food* distinction.

■ Administrative ease is an adequate justification for establishing a classification. *Bituminous Cas. Corp. v. Swanson,* 341 N.W.2d 285, 289 (Minn.1983) (citing *Hoyt v. Florida,* 368 U.S. 57, 63–64, 82 S.Ct. 159, 163–64, 7 L.Ed.2d 118 (1961)). Because adopting a simple rule and raising revenue with administrative ease are relevant purposes of the statute, the second prong of the Miller Brewing test is satisfied.

The third prong of the Miller Brewing test requires an analysis of whether the purposes of the statute, as determined by the analysis of the second prong, are purposes the state can legitimately attempt to achieve. *Miller Brewing Co.,* 284 N.W.2d at 356. We have previously recognized that "*any* legitimate purpose can support [a] tax." *Westling,* 581 N.W.2d at 822 (quoting *Erie Mining Co. v. Comm'r of Revenue,* 343 N.W.2d 261, 268 (Minn. 1984)). Unless the purpose of the statute is arbitrary, the statute will be upheld. *Westling,* 581 N.W.2d at 822. We have previously discussed reasons for adopting the uniform act and not distinguishing between different types of vending-machine sales. The purposes include raising revenue, various ways of simplifying administration, and perhaps not wanting to provide vending-machine operators with a tax incentive to avoid meeting the prepared food definition by not making napkins or other items available. Because the purposes and advantages of the uniform act are legitimate, and because there are legitimate reasons for not drawing distinctions

between various vending-machine sales, the third prong is satisfied.

In addition to evaluating the classification under the Miller Brewing test, we also consider the nature of the interest and the nature of the discriminatory treatment involved. This case does not involve a fundamental right, nor does it involve a group or interest that has been the victim of discrimination, nor does it involve a claim of no access to or no opportunity to participate in the legislative process, nor does it contain any indication of invidious or historic economic discrimination. If this case did involve any of the above-noted claims or elements, closer judicial scrutiny of the classification, in some cases strict scrutiny, and a greater judicial willingness to accept a facial overbreadth challenge may be expected. But, in the area of taxation policy, absent some failure in the legislative process, the courts grant great latitude to legislative determinations. The justifications for the distinction between vending-machine sales of food and all other sales may be thin, but *Associated Food* upheld such a distinction, and no compelling argument exists for departing *Associated Food* and overturning the distinction today.

### DECISION

The district court properly granted summary judgment.

**Affirmed.**