ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 10, 2004

The Honorable Mike Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002

Opinion No. GA-0231

Re: Whether the family protection fee, which section 51.961 of the Government Code authorizes a commissioners court to adopt, violates the open courts provision, article I, section 13 of the Texas Constitution (RQ-0166-GA)

Dear Mr. Stafford:

You ask whether the family protection fee, which section 51.961 of the Government Code authorizes a commissioners court to adopt, violates the open courts provision, article I, section 13 of the Texas Constitution.[1]

Section 51.961 of the Government Code, which the legislature adopted in 2003, *see* Act of June 1, 2003, 78th Leg., R.S., ch. 198, § 2.165(a), 2003 Tex. Gen. Laws 611, 711, authorizes a county commissioners court to adopt a family protection fee, "in an amount not to exceed $15," that the district or county clerk must collect "at the time a suit for dissolution of a marriage under Chapter 6, Family Code, is filed." TEX. GOV'T CODE ANN. § 51.961(a)-(b) (Vernon Supp. 2004). *But see id.* § 51.961(c) (prohibiting a clerk from collecting the family protection fee from certain persons). The fee is to be deposited into a family protection account in the county treasury and used to fund nonprofit organizations that work in the area of family violence:

> (d) The clerk shall pay a fee collected under this section to the appropriate officer of the county in which the suit is filed for deposit in the county treasury to the credit of the family protection account. The account may be used by the commissioners court of the county only to fund a service provider located in that county or an adjacent county. The commissioners court may provide funding to a nonprofit organization that provides services described by Subsection (e).
>
> (e) A service provider who received funds under Subsection (d) may provide family violence prevention, intervention, mental health, counseling, legal, and

---

[1]Letter from Honorable Mike Stafford, Harris County Attorney, to Honorable Greg Abbott, Texas Attorney General (Jan. 14, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us).

marriage preservation services to families that are at risk of experiencing or that have experienced family violence or the abuse or neglect of a child.

*Id.* § 51.961(d)-(e). For the purposes of section 51.961, the term "family violence" includes intra-household assaults or threats, child abuse, and dating violence:

> (1) an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself;
>
> (2) abuse . . . by a member of a family or household toward a child of the family or household; or
>
> (3) dating violence . . . .

TEX. FAM. CODE ANN. § 71.004 (Vernon 2002); *see id.* § 71.0021 (defining the term "dating violence"); TEX. GOV'T CODE ANN. § 51.961(f) (Vernon Supp. 2004) (defining the term "family violence" as Family Code section 71.004 defines it).

Article I, section 13 of the Texas Constitution, the "open courts provision," provides:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. *All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.*

TEX. CONST. art. I, § 13 (emphasis added). "The open courts provision specifically guarantees all litigants the right to" redress their grievances in court. *LeCroy v. Hanlon*, 713 S.W.2d 335, 341 (Tex. 1986). The legislature may not "arbitrarily or unreasonably interfere" with this right. *Id.* You ask in particular about article I, section 13's second sentence, italicized above.

A 1986 decision of the Texas Supreme Court, *LeCroy v. Hanlon*, construes the open courts provision to prohibit the use of filing fee revenues that are used for non-court-related programs. *See id.* at 342. The *LeCroy* court found unconstitutional a statute that allocated $40 of a district court's filing fee to the state's general revenues. *See id.* In the court's view, the fee was a "general revenue tax on the right to litigate" because it went to statewide programs other than the judiciary. *Id.* According to the court, filing fees "are usually constitutional," but "filing fees that go to state general revenues—*in other words taxes on the right to litigate that pay for other programs besides the judiciary*—are unreasonable impositions on the state constitutional right of access to the courts." *Id.* at 342 (emphasis added).

Similarly, in 1994 the Dallas court of appeals, in *Dallas County v. Sweitzer*, invalidated two fees under the open courts provision. *See Dallas County v. Sweitzer*, 881 S.W.2d 757, 766 (Tex. App.–Dallas 1994, writ denied). The court first found unconstitutional a sheriff fee, collected in

accordance with section 118.131 of the Local Government Code, that the county placed in the county's general fund. *See id.*; *see also* TEX. LOC. GOV'T CODE ANN. § 118.131(a) (Vernon 1999) (authorizing a commissioners court to "set reasonable fees" for the sheriff's office's services). Following *LeCroy*, the court concluded that a fee deposited in the general revenue fund could be spent on county programs other than the judiciary. *Sweitzer*, 881 S.W.2d at 765. The court also found unconstitutional section 51.601 of the Government Code, which directed certain clerks of court to collect a court reporter fee and to deposit it into the county's general fund. *Id.* at 766; *see also* Act of May 18, 1989, 71st Leg., R.S., ch. 1080, § 6, 1989 Tex. Gen. Laws 4354, 4356, *amended by* Act of May 10, 1995, 74th Leg., R.S., ch. 144, § 2, 1995 Tex. Gen. Laws 992, 992.

Texas courts have not had the opportunity to consider the constitutionality of the family protection fee under article I, section 13's open courts provision. We are required to presume that a statute is constitutional. *See* TEX. GOV'T CODE ANN. § 311.021(1) (Vernon 1998); *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996). Moreover, as the Texas Supreme Court stated in *LeCroy*, "[f]iling fees . . . are usually constitutional." *LeCroy*, 713 S.W.2d at 342. We presume, therefore, that the family protection fee is a constitutional filing fee. In accordance with the supreme court's construction of the open courts provision in *LeCroy*, however, the family protection fee may be expended only for court-related purposes. *See id.*; *see also Sweitzer*, 881 S.W.2d at 765.

We do not believe the fact that the family protection fees are deposited "in the county treasury to the credit of the family protection account," *see* TEX. GOV'T CODE ANN. § 51.961(d) (Vernon Supp. 2004), is sufficient grounds for distinguishing *LeCroy* and for concluding that uses of the family protection fee need not be examined for their relationship to court-related purposes. *LeCroy* indicates that a filing fee that is deposited into a general revenue fund is *per se* unconstitutional, but that conclusion does not mean that a filing fee deposited into a special account is *per se* constitutional. *See LeCroy*, 713 S.W.2d at 342. Indeed, *LeCroy* premised its conclusion in part on *Crocker v. Finley*, a 1984 decision of the Illinois Supreme Court that considered a fee closely analogous to the fee at issue here: a fee, deposited into a special fund, to be used "to fund shelters and other services for victims of domestic violence in Illinois." *Crocker v. Finley*, 459 N.E.2d 1346, 1348-49 (Ill. 1984); *see LeCroy*, 713 S.W.2d at 342-43. The *Crocker* court determined that the purposes for which the fee revenues could be used were not court related. *See Crocker*, 459 N.E.2d at 1351.

Courts in two other states have considered similar fees under analogous open courts provisions, and both have determined that the fees may be used for unconstitutional purposes. In *Crocker*, discussed briefly above, the Illinois Supreme Court expressly rejected arguments that the use of a filing fee for domestic violence programs "enable[s] victims to use the court system more efficiently. . . . The moral and emotional support provided enhance some victims' resolve to obtain relief in the courts, while preventing others from filing cases that they are not yet ready to pursue." *Crocker*, 459 N.E.2d at 1351. And, in a 1997 opinion the Louisiana Supreme Court, relying in part on *LeCroy*, invalidated a statute imposing a court filing fee in certain city courts "to benefit [Safety Net for Abused Persons, or "SNAP"], a domestic violence program and shelter serving Iberia Parish." *Safety Net for Abused Persons v. Segura*, 692 So. 2d 1038, 1039 (La. 1997). Although the

fee was to be deposited in a special fund to benefit SNAP, the court found that the statute violated "the right of access to the courts . . . because its purpose—to fund domestic abuse services—is unrelated to the administration of justice." *Id.* at 1043. Evaluating SNAP in particular, the court stated that the services provided by SNAP, which included shelter, counseling, and information for abuse victims, "have no logical connection to the judicial system." *Id.* at 1044. Further, the court noted that "SNAP is not a part of the judicial branch, it serves no judicial or even quasi-judicial function, it is not a program administered by the judiciary, and it is not a link in the chain of the justice system." *Id.* at 1045.

Two state courts have upheld fees similar to the family protection fee, but we are unable to rely on them. *See Villars v. Provo*, 440 N.W.2d 160, 164 (Minn. App. 1989); *Browning v. Corbett*, 734 P.2d 1030, 1033 (Ariz. App. 1986). In 1989 the Minnesota court of appeals concluded, without analysis, that a filing fee to fund programs serving battered women and displaced homemakers did not violate the state constitutional requirement that "justice be obtained 'freely' and 'without purchase.'" *Villars*, 440 N.W.2d at 164 (quoting MINN. CONST. art. I, § 8). Because the Minnesota court provided no reasons, we cannot evaluate its application in Texas. In a 1986 case the Arizona court of appeals upheld a statute requiring the parties to a marriage dissolution action to pay a court filing fee "which is distributed between the domestic violence shelter fund and the child abuse prevention and treatment fund." *Browning*, 734 P.2d at 1031. But the court noted that the Arizona Constitution contains no open courts provision, *see id.* at 1033, and for this reason the case is not persuasive in Texas, whose constitution has an open courts provision, *see* TEX. CONST. art. I, § 13.

Given *LeCroy* and the Illinois and Louisiana cases specifically addressing the use of filing fee revenues for family-violence purposes, we conclude that Government Code section 51.961 is constitutional, but that family protection fee revenues may be used for court-related purposes only. Certainly, many of the uses to which family protection fee revenues may be put under section 51.961 are court related and therefore consistent with the open courts provision. Section 51.961(e) lists all of the following as permissible uses for fee revenues: "family violence prevention, intervention, mental health, counseling, legal, and marriage preservation services." TEX. GOV'T CODE ANN. § 51.961(e) (Vernon Supp. 2004). As the Family Violence Resource Project noted in a report to the Texas State Bar, the legal system often is involved in family violence matters: "providing protection to victims of family violence, prosecuting, punishing and rehabilitating perpetrators of family violence, and helping to develop more effective means of responding to the problem of family violence." FAMILY VIOLENCE RESOURCE PROJECT, A PROPOSAL TO THE STATE BAR OF TEXAS BOARD OF DIRECTORS at 1 (2000).

We cannot say as a matter of law that all possible uses may be court related, however. Whether any particular use of family protection fee revenues is court related is a question requiring the resolution of fact questions, and is, therefore, ultimately beyond this office's authority. *See* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10 (stating that fact questions cannot be answered in the opinion process). A county commissioners court, which has sole authority to distribute the fee revenues, must determine whether a particular proposed use is court related. *See* TEX. GOV'T CODE ANN. § 51.961(d) (Vernon Supp. 2004).

## S U M M A R Y

To avoid contravening the open courts provision, article I, section 13 of the Texas Constitution, revenues from the family protection fee, which a county may adopt under section 51.961 of the Government Code, may be used only for court-related purposes. Many uses that are consistent with those listed in section 51.961, "family violence prevention, intervention, mental health, counseling, legal, and marriage preservation services," may be found to be court related. The county commissioners court must determine whether any particular use of family protection fee revenues is court related, however.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee