**STATE of Minnesota, Respondent,**

v.

**Michael C. GRESSER, Appellant.**

No. C7–02–912.

Court of Appeals of Minnesota.

March 11, 2003.

Mike Hatch, Attorney General, St. Paul, MN; and Thomas J. Harbinson, Scott County Attorney, Shakopee, MN, for respondent.

Jeffrey S. Sheridan, Strandemo & Sheridan, Eagan, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge, HARTEN, Judge, and HUSPENI, Judge.

## OPINION

HUSPENI, Judge.*

Appellant Michael Gresser challenges his conviction of operating a personal watercraft after hours, in violation of Minn. Stat. § 86B.313, subd. 1(a)(2) (2000). He argues that Minn.Stat. § 86B.313, subd. 1(a)(2), is unconstitutionally vague and violates the Equal Protection Clause of the Minnesota and United States Constitutions. Because we conclude that Minn. Stat. § 86B.313, subd. 1(a)(2), is constitutional, we affirm.

## FACTS

On the evening of June 27, 2001, appellant was operating his personal watercraft on Prior Lake. Sunset occurred at 9:04 p.m. that day. At approximately 8:19 p.m., Scott County Deputy Sheriff Mark Hartman stopped appellant for operating his

personal watercraft after hours, in violation of Minn.Stat. § 86B.313, subd. 1(a)(2) (2000). Deputy Hartman intended to give appellant an oral warning, but when appellant repeatedly demanded a citation, Deputy Hartman obliged.

Appellant brought a motion to dismiss the charge, arguing that Minn.Stat. § 86B.313, subd. 1(a)(2), is unconstitutionally vague and violates the Equal Protection Clause of the Minnesota and United States Constitutions. The trial court denied appellant's motion to dismiss, holding that the statute is constitutional. The case was submitted to the trial court on stipulated facts pursuant to a Lothenbach proceeding, and the court found appellant guilty of operating a personal watercraft after one hour before sunset, in violation of Minn.Stat. § 86B.313, subd. 1(a)(2). This appeal follows.

## ISSUES

1. Is the provision in Minn.Stat. § 86B.313, subd. 1(a)(2) (2000), prohibiting the operation of personal watercraft after "one hour before sunset" unconstitutionally vague?

2. Does Minn.Stat. § 86B.313, subd. 1(a)(2), violate the Equal Protection Clause of the Minnesota or United States Constitutions?

## ANALYSIS

"Evaluating a statute's constitutionality is a question of law." *Hamilton v. Comm'r of Pub. Safety,* 600 N.W.2d 720, 722 (Minn.1999) (citation omitted). Accordingly, this court "is not bound by the lower court's conclusions." *In re Blilie,*

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

494 N.W.2d 877, 881 (Minn.1993) (quoting *Sherek v. Indep. Sch. Dist. No. 699*, 449 N.W.2d 434, 436 (Minn.1990)). "One who challenges the constitutionality of a statute must overcome every presumption in favor of its constitutionality." *State v. Burns*, 524 N.W.2d 516, 519 (Minn.App.1994) (citations omitted), *review denied* (Minn. Jan. 13, 1995); *see also* Minn.Stat. § 645.17(3) (2002) (stating that courts are to presume that the legislature did not intend to violate the Minnesota or United States Constitutions). The party challenging a statute must show beyond a reasonable doubt that the statute violates the Minnesota Constitution, and an appellate court will only declare a statute unconstitutional when absolutely necessary and then with extreme caution. *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989).

## I.

 Minn.Stat. § 86B.313, subd. 1(a)(2) (2000), states:

(a) In addition to requirements of other laws relating to watercraft, a person may not operate or permit the operation of a personal watercraft:

\* \* \* \*

(2) between one hour before sunset and 9:30 a.m.

Appellant argues that the provision in Minn.Stat. § 86B.313, subd. 1(a)(2), prohibiting operation of personal watercraft after "one hour before sunset," is unconstitutionally vague. A statute is void for vagueness under basic principles of due process if its prohibitions are not clearly defined. *State v. Century Camera, Inc.*, 309 N.W.2d 735, 744 (Minn.1981).

As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

*Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (citations omitted).

Sunrise and sunset are used in many Minnesota statutes instead of specific times to account for the changes in the length of daylight throughout the year. *See, e.g.*, Minn.Stat. §§ 84.87, subd. 1(b)(5) (placing certain restrictions on snowmobiles after one-half hour after sunset), 97B.075 (limiting when "big game" may be taken to one-half hour after sunset), 169.48, subd. 1 (2002) (requiring vehicles to have their lights on from sunset to sunrise). Many other states also use sunrise and sunset to limit the permissible hours of operation for personal watercraft. *See, e.g.*, Ark.Code Ann. § 27–101–602(c) (Michie Supp.2001) ("No person shall operate a personal watercraft at any time between thirty (30) minutes after sunset and thirty (30) minutes before sunrise."); Cal. Harb. & Nav.Code § 655.7(d) (West Supp.2003) ("No person shall operate a personal watercraft at any time between the hours from sunset to sunrise."); Mich. Comp. Laws Ann. § 324.80205(6) (West Supp. 2002) ("A person shall not operate a personal watercraft on the waters of this state during the period that begins 1 hour before sunset and ends at 8 a.m.").

Sunrise and sunset times are easily accessible. There is a sunrise and sunset time schedule provided in the Minnesota Boating Guide, a copy of which is issued to personal watercraft operators when their

personal watercraft are licensed.[1] Additionally, meteorologists often state the time of sunrise and sunset in their weather forecasts, and most newspapers provide the time of sunrise and sunset. With minimal effort, an ordinary person can determine the time of sunset, and make the calculation of one hour before sunset. Because there are sufficient resources for an ordinary person to determine the time of sunset, we conclude that the provision in Minn.Stat. § 86B.313, subd. 1(a)(2), prohibiting operation of personal watercraft after "one hour before sunset," is not unconstitutionally vague.

## II.

Appellant also argues that Minn.Stat. § 86B.313, subd. 1(a)(2), violates the Equal Protection Clause of the United States and Minnesota Constitutions. The Fourteenth Amendment provides that "[no state shall] deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Minnesota Constitution states that

> [n]o member of this state shall be disenfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers.

Minn. Const. art. 1, § 2. The Minnesota Supreme Court explained that

> [b]oth clauses have been analyzed under the same principles and begin with the mandate that all similarly situated individuals shall be treated alike, but only "invidious discrimination" is deemed constitutionally offensive.

*Scott v. Minneapolis Police Relief Ass'n,* 615 N.W.2d 66, 74 (Minn.2000) (quotation omitted).

Under both the United States and Minnesota Constitutions, "[i]f a constitutional challenge involves neither a suspect classification nor a fundamental right, we review the challenge under a rational basis standard." *Kolton v. County of Anoka,* 645 N.W.2d 403, 411 (Minn.2002) (citation omitted). Neither party disputes that the rational-basis standard applies in this case. Thus, Minn.Stat. § 86B.313, subd. 1(a)(2), is presumed valid and will be sustained if the classification drawn by it is rationally related to a legitimate government interest. *See Scott,* 615 N.W.2d at 74 (stating that under the rational-basis standard of review, a statute is presumed valid and will be upheld if the classification drawn by it is rationally related to a legitimate state interest).

There are two formulations of the rational-basis test. Under the Equal Protection Clause of the Fourteenth Amendment,

> it must be determined whether the challenged classification has a legitimate purpose and whether it was reasonable to believe that use of the challenged classification would promote that purpose.

*Kolton,* 645 N.W.2d at 411 (citations omitted). The rational-basis standard has a

---

**1.** While the schedule only includes sunrise and sunset times for the longitude of Minneapolis, Minnesota, it also provides an easy calculation to determine the time of sunrise and sunset depending on how far east or west a person is from Minneapolis. The schedule states that there is a variation of approximately four minutes for each degree or one minute for each twelve miles, and that boaters should add time if they are west of Minneapolis and subtract time if they are east of Minneapolis. The schedule also notes that exact sunrise and sunset times for a given location can be determined by logging onto the United States Naval Observatory Website.

somewhat different formulation under the Minnesota Constitution. The Minnesota rational-basis test requires:

> (1) The distinctions which separate those included within the classification from those excluded must not be manifestly arbitrary or fanciful but must be genuine and substantial, thereby providing a natural and reasonable basis to justify legislation adapted to peculiar conditions and needs; (2) the classification must be genuine or relevant to the purpose of the law; that is there must be an evident connection between the distinctive needs peculiar to the class and the prescribed remedy; and (3) the purpose of the statute must be one that the state can legitimately attempt to achieve.

*State v. Russell,* 477 N.W.2d 886, 888 (Minn.1991) (quoting *Wegan v. Village of Lexington,* 309 N.W.2d 273, 280 (Minn. 1981)).

■ Appellant does not dispute that promoting public safety is a legislative purpose that the state can legitimately attempt to achieve.[2] But, appellant asserts that the purpose of Minn.Stat. § 86B.313, subd. 1(a)(2), is not to promote public safety. Relying on the legislative history of the statute, he asserts that the purpose of the statute is simply to restrict the use of a type of watercraft that some people do not like and consider to be a nuisance. This court will not look to the legislative history to determine the intent of the legislature, however, when that intent is clearly manifested by the unambiguous language of the statute. *Ubel v. State,* 547 N.W.2d 366, 373 (Minn.1996); *see also* Minn.Stat. § 645.16 (2002) (stating that the intent of the legislature may be ascertained using legislative history only when the statutory language is not explicit).

■ Contrary to the argument made by appellant, we conclude that the purpose of the legislature in enacting Minn.Stat. § 86B.313, subd. 1(a)(2), was to promote public safety. The language of the statute is unambiguous, and clearly reflects the legislature's intent to promote public safety by limiting the use of personal watercraft to full daylight hours.

This purpose is also demonstrated by the policy statement in Minn.Stat. § 86B.001 (2000), and the language of the other regulations in subdivision 1(a). The policy statement in Minn.Stat. 86B.001 states that "[i]t is the policy of this state, * * * to promote safety for persons and property in connection with the use of the waters of the state." When the policy statement is read together with the time restriction at issue here, it is clear that the legislative purpose of the restriction is to promote public safety. Further, the regulation immediately preceding the time restriction at issue here states that all persons on board personal watercraft must wear personal flotation devices, and the regulation immediately following the time restriction at issue here states that person-

---

**2.** The issue of whether noise reduction was a legislative purpose for Minn.Stat. § 86B.313, subd. 1(a)(2), was not addressed during the Lothenbach proceeding in this case. Arguably, the times from sunrise to 9:30 a.m. and from one hour before sunset until sunset are the more tranquil hours of the day, and a limitation on personal watercraft to reduce noise may be justified. While on a sparser record this court may have remanded to permit the trial court to more fully explore the noise issue, the record before us is adequate for our review of and resolution of the constitutional issues raised by appellant. Therefore, we do not address, nor do we in any respect rely upon, noise reduction as a legislative purpose for the statute.

al watercraft may not be operated at greater than slow no-wake speed when within 150 feet of swimmers, shoreline, docks, and unmotorized boats. Minn.Stat. § 86B.313, subd. 1(a)(1), (3) (2000). The language of these regulations clearly manifests a legislative intent to promote public safety, and when read together with subdivision 1(a)(2) provides further support for the conclusion that the legislative purpose of subdivision 1(a) is to promote public safety. It would be improper for this court to look to legislative history for guidance when the legislative purpose of Minn. Stat. § 86B.313 is clearly manifested by the unambiguous language of the statute.

■ Appellant next argues that there are no substantial distinctions between personal watercraft and other motorboats,[3] and that singling out personal watercraft for discriminatory treatment on the basis of promoting public safety is not justified. Appellant correctly lists the many similarities between personal watercraft and other motorboats. Both allow people to travel across water at a speed exceeding that which could be achieved by non-motorized means; both are capable of transporting multiple persons at the same time; both require use of flotation devices; and while personal watercraft generally do not have lights and motorboats may or may not have them, both types of watercraft are excluded from the water from sunset to sunrise if they are not equipped with lights. Minn.Stat. § 86B.511. Thus, argues appellant, the legislature has legitimately exercised any mandate it may have to promote safety, and has not shown why one type of motorboat (personal watercraft) must leave the water one hour before other unlit motorboats, and must re-main off the water for as long as four hours after other unlit motorboats are allowed to return.

There is superficial appeal to the arguments raised by appellant. We conclude, however, that there are, indeed, important differences between personal watercraft and other motorboats. Personal watercraft are substantially smaller and, therefore, arguably more vulnerable than other motorboats. Personal watercraft are also exceedingly maneuverable. As noted earlier, Minn.Stat. § 86B.313, subd. 1(a)(3), also limits the speed of personal watercraft when in close proximity to swimmers, shoreline, docks, and unmotorized boats. This limitation demonstrates legislative concern about the unique maneuverability of personal watercraft. Distinctions between personal watercraft and other motorboats are, we believe, substantial and genuine. They are not manifestly arbitrary.

■ Lastly, appellant argues that if, indeed, there are substantial distinctions between personal watercraft and other motorboats, those distinctions are not relevant to the promotion of public safety. Addressing specifically the question of navigational lighting, appellant asserts that Minn.Stat. § 86B.511 (2000) already requires that all motorized watercraft in operation have navigational lights from sunset to sunrise, and thus the time restrictions placed on the operation of personal watercraft must be justified by a distinction other than their lack of navigational lights. While appellant correctly sets forth the navigational lighting requirements applicable to all motorized watercraft, his argument must fail.

---

**3.** "Motorboat" is the statutory term used to describe any motorized watercraft, including personal watercraft. Minn.Stat. § 86B.005, subds. 9, 14a (2000).

As already noted, there are relevant distinctions between the two types of watercraft that do not require consideration of navigational lighting. In consideration of the smaller size of personal watercraft, their possible vulnerability, and their extreme maneuverability, prohibiting the use of only personal watercraft (irrespective of the presence of navigational lighting) between sunrise and 9:30 a.m., and one hour before sunset and sunset is relevant to the purpose of promoting public safety. Further, it is reasonable to believe that the time restrictions placed upon personal watercraft will, in fact, promote public safety. Small, extremely maneuverable watercraft may be more difficult to see and may present a greater safety hazard than other motorboats during hours of the day when there is less daylight and when shadows are longer.

The burden of overcoming the presumed constitutionality of a statute is a heavy one, when the challenge is evaluated under the rational-basis standard. Appellant has not met that heavy burden in this case. The classification created by Minn.Stat. § 86B.313, subd. 1(a)(2), does not violate the Equal Protection Clause of the Minnesota or United States Constitutions, nor is the statute unconstitutionally vague.

## DECISION

The trial court did not err in holding that Minn.Stat. § 86B.313, subd. 1(a)(2) (2000), does not violate the Equal Protection Clause of the Minnesota or United States Constitutions, and that the statute is not unconstitutionally vague.

**Affirmed.**