STATE of Minnesota, Respondent,

v.

Randolph JOHNSON, Jr., Appellant.

No. A09–247.

Court of Appeals of Minnesota.

Jan. 26, 2010.

Lori Swanson, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, MN, for respondent.

James Kamin, Acting Hennepin County Public Defender, Paul J. Maravigli, Assistant Public Defender, Minneapolis, MN, for appellant.

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Considered and decided by WRIGHT, Presiding Judge; ROSS, Judge; and HUSPENI, Judge.\*

## OPINION

WRIGHT, Judge.

Appellant challenges the district court's order to submit a DNA sample for identification purposes pursuant to Minn.Stat. § 609.117, subd. 1(1). Appellant argues that the statute, as applied to one who has not been convicted of a felony, (1) violates the right to be free from unreasonable searches and seizures guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section 10, of the Minnesota Constitution and (2) denies him equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 2, of the Minnesota Constitution. For the reasons set forth below, we affirm.

## FACTS

In September 2008, appellant Randolph Johnson, Jr. was charged with felony domestic assault by strangulation, a violation of Minn.Stat. § 609.2247, subd. 2 (2008), and misdemeanor fifth-degree assault, a violation of Minn.Stat. § 609.224, subd. 1(2) (2008). Johnson pleaded guilty to fifth-degree assault in exchange for dismissal of the felony charge. When he was advised at the guilty-plea hearing that he would be required to submit a DNA sample, Johnson argued that such submission was not required because he had not been convicted of a felony. Johnson entered the guilty plea on the condition that the plea could be withdrawn if the district court denied Johnson's motion to declare the DNA collection statute, Minn.Stat.

Minn. Const. art. VI, § 10.

§ 609.117, subd. 1(1), unconstitutional. After a hearing on the issue, the district court denied the motion but stayed the order to submit the DNA sample pending appeal. Johnson decided not to withdraw his guilty plea, and the district court sentenced Johnson to 90 days in the workhouse, stayed the execution of Johnson's sentence, placed him on supervised probation, and gave him credit for four days already served. This appeal followed.

## ISSUES

I. Does application of Minn.Stat. § 609.117, subd. 1(1), to a misdemeanor conviction arising from the same set of circumstances as a charged felony offense violate the right to be free from unreasonable searches and seizures guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section 10, of the Minnesota Constitution?

II. Does application of Minn.Stat. § 609.117, subd. 1(1), to a misdemeanor conviction arising from the same set of circumstances as a charged felony offense deny the equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 2, of the Minnesota Constitution?

## ANALYSIS

■ The constitutionality of a statute presents a question of law, which we review de novo. *State v. Melde*, 725 N.W.2d 99, 102 (Minn.2006). In doing so, we presume that Minnesota statutes are constitutional and will strike down a statute as unconstitutional only if absolutely necessary. *Id.* To prevail, a party challenging the constitutionality of a statute must demonstrate beyond a reasonable doubt that the statute violates a constitutional provision. *Miller Brewing Co. v. State*, 284 N.W.2d 353, 356 (Minn.1979).

A district court shall order an offender to submit a DNA sample for identification purposes when the district court "sentences a person charged with committing or attempting to commit a felony offense and the person is convicted of that offense or of any offense arising out of the same set of circumstances." Minn.Stat. § 609.117, subd. 1(1).

### I.

Johnson argues that application of Minn. Stat. § 609.117, subd. 1(1), to a person convicted of a misdemeanor offense authorizes a warrantless, suspicionless taking of DNA in violation of the Fourth Amendment to the United States Constitution and Article I, Section 10, of the Minnesota Constitution. Ordinarily, we analyze federal and state protections guaranteed by the Fourth Amendment to the United States Constitution and Article I, Section 10, of the Minnesota Constitution as co-extensive. *See State v. Carter*, 596 N.W.2d 654, 657 (Minn.1999) (interpreting protections under these provisions as co-extensive in the absence of " 'radical' or 'sharp' departures" of the United States Supreme Court from its precedent); *see also Kahn v. Griffin*, 701 N.W.2d 815, 828 (Minn. 2005) (recognizing general principle favoring uniformity with the federal constitution). There is not a basis for deviating from that general principle here.

■ The lodestar of our analysis under the Fourth Amendment is "the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security." *Pennsylvania v. Mimms*, 434 U.S. 106, 108–09, 98 S.Ct. 330, 332, 54 L.Ed.2d 331 (1977) (quotation omitted). As a general rule, the reasonableness of a search depends on governmental compliance with the Warrant Clause, which requires authorities to dem-

onstrate probable cause. *United States v. U.S. Dist. Court,* 407 U.S. 297, 315–16, 92 S.Ct. 2125, 2135–36, 32 L.Ed.2d 752 (1972). But "the general rule of the Warrant Clause is not unyielding." *State v. Bartylla,* 755 N.W.2d 8, 15 (Minn.2008) (quotation omitted).

Applying a totality-of-the-circumstances test to analyze the statute's constitutionality as applied to those convicted of felony offenses, the Minnesota Supreme Court concluded that "a warrantless, suspicionless collection of a convict's DNA pursuant to Minn.Stat. § 609.117 does not violate the Fourth Amendment." *Id.* at 17. In doing so, the *Bartylla* court balanced the state's interests against the intrusion into the citizen's personal security.

Johnson contends that only conviction of a felony or a predatory offense justifies a warrantless, suspicionless collection of DNA for identification purposes. In support of this contention, Johnson advances the following three arguments: (1) the Minnesota Supreme Court "implicitly recognized that misdemeanants can hardly be seen as having the same reduced privacy interest as felons" by limiting its holding in *Bartylla* to felony convictions; (2) in *In re Welfare of C.T.L.,* 722 N.W.2d 484, 491–92 (Minn.App.2006), we held that, because only a felony conviction will justify a warrantless, suspicionless search for DNA, requiring only probable cause of a felony offense to justify a warrantless, suspicionless search for DNA is constitutionally insufficient; and (3) "felons and predatory offenders are the only categories of offenders recognized in the national body of case law as eligible" for DNA searches. We address each argument in turn.

A careful reading of the *Bartylla* decision establishes that Johnson's characterization of it is unsound. Rather than "implicitly recogniz[ing] that misdemeanants [do not have] the same reduced privacy interests as felons," the *Bartylla* court expressly declined to address application of Minn.Stat. § 609.117 to nonfelony offenses because that issue was not presented to the court. *See* 755 N.W.2d at 12 n. 2. Given that the Minnesota Supreme Court intentionally limited the scope of its analysis in a manner that excluded misdemeanor convictions from its consideration, Johnson's argument that *Bartylla* stands for the exclusion of misdemeanants from the DNA collection statute fails.

Johnson's contention that *C.T.L.* requires a conclusion that DNA collection pursuant to a qualifying misdemeanor conviction is unconstitutional also is unavailing. In *C.T.L.,* we held that a judicial finding of probable cause that a felony has been committed was not, by itself, sufficient to justify DNA collection pursuant to Minn.Stat. § 299C.105, subd. 1 (Supp. 2005). 722 N.W.2d at 490. Section 299C.105 required collection of DNA from "persons who ... have had a judicial probable cause determination on a charge of committing, or persons having been convicted of or attempting to commit" certain enumerated offenses, all of which were felonies or sex crimes. We reasoned that there is no basis to conclude that the privacy expectation of a charged person prior to conviction "is different from the privacy expectation of a person who was charged but the charge was dismissed or the person was found not guilty[.]" *Id.* at 491. Because the statute did not require conviction, DNA collection was required *without* the requisite quantum of proof that would lead to a reduced expectation of privacy. *Id.* at 491–92. Conversely, Minn.Stat. § 609.117 permits collection of DNA only if the individual has been *convicted* of a misdemeanor offense, and only if that offense arises from the same set of circumstances as a charged felony. Thus, section 609.117's scope of application is limited to

those who have a diminished expectation of privacy because of their narrowly defined conduct, which has been proved beyond a reasonable doubt. Because the statute at issue here and the statute at issue in *C.T.L.* are distinguishable in this important respect, Johnson's reliance on *C.T.L.* is misplaced.

Finally, contrary to Johnson's argument, foreign jurisdictions have not uniformly concluded that DNA collection is justified only for convicted felons and predatory offenders. First, foreign jurisdictions are not unified in their treatment of DNA collection statutes. *See United States v. Pool,* 645 F.Supp.2d 903, —— (E.D.Cal. 2009) (holding that no constitutional violation exists when DNA sample collected after probable cause determination); *State v. O'Hagen,* 189 N.J. 140, 914 A.2d 267, 271, 281 (2007) (upholding constitutionality of statute requiring DNA collection from "[e]very person convicted or found not guilty by reason of insanity of *a crime*" (emphasis added) (quotation omitted)); *Anderson v. Virginia,* 274 Va. 469, 650 S.E.2d 702, 705 (2007) (upholding constitutionality of statute requiring DNA collection on arrest rather than on conviction); *see also* Tex. Gov't Code Ann. § 411.1471 (Vernon 2005) (requiring DNA collection from defendant who is "indicted or waives indictment for a felony"); Cal.Penal Code § 296(a)(2) (West 2008) (requiring collection of DNA from any adult "who is arrested for or charged with" various felony offenses). Second, Johnson fails to direct us to any other support for his contention that foreign jurisdictions have limited DNA collection statutes to felonies based on a concern that DNA collection for less-serious offenses would violate the Fourth Amendment. Indeed, the cases cited by Johnson do not address the issue. Rather, the statutes at issue in those cases address felonies and sex crimes, and the question of applicability to misdemeanor offenses

was not before the courts. Because we are not persuaded by Johnson's arguments that Minnesota and foreign caselaw necessarily require a conclusion that collection of DNA from non-felons is unconstitutional, we proceed to analyze the issue under the totality-of-the-circumstances test adopted by the Minnesota Supreme Court. *See Bartylla,* 755 N.W.2d at 17 (examining the constitutionality of Minn.Stat. § 609.117 by balancing the state's interest against the intrusion in the citizen's personal security).

The *Bartylla* court concluded that the state has substantial interests in DNA collection, specifically identifying these interests as "exonerating the innocent, deterring recidivism, identifying offenders of past and future crimes, and bringing closure for victims of unsolved crimes." *Id.* at 18. Here, the legislature has narrowly defined the misdemeanor offenses to which Minn.Stat. § 609.117 applies, namely those arising from the same set of circumstances as a charged felony, such that the substantial state interests enumerated in *Bartylla* exist with equal force for these non-felony offenses.

These substantial state interests are balanced against the minimal intrusion involved in DNA collection for identification purposes and the reduced expectation of privacy held by an offender convicted of a misdemeanor of the type narrowly defined here by its connection to a felony charge. *See id.* (describing the physical intrusion involved in acquiring the DNA sample as "minimal"). The narrow scope of section 609.117 limits its application to those who have a reduced expectation of privacy based on the nature of their offense of conviction, which also weighs in favor of the statute's constitutionality.

■ Applying *Bartylla's* totality-of-the-circumstances analysis and balancing the

substantial state interests against the diminished privacy expectations and minimal intrusion that exist here, we conclude that Minn.Stat. § 609.117, as applied to those convicted of a misdemeanor arising from the same set of circumstances as a charged felony, does not violate the search-and-seizure provisions of the United States or Minnesota constitutions.

## II.

Johnson next argues that Minn. Stat. § 609.117, subd. 1(1), deprives him of the right to equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 2, of the Minnesota Constitution. The Equal Protection Clause of the Fourteenth Amendment provides, in relevant part: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "The guarantee of equal protection of the laws requires that the state treat all similarly situated persons alike." *State v. Behl,* 564 N.W.2d 560, 568 (Minn.1997). "An essential element of an equal protection claim is that the persons claiming disparate treatment must be similarly situated to those to whom they compare themselves." *St. Cloud Police Relief Ass'n v. City of St. Cloud,* 555 N.W.2d 318, 320 (Minn.App.1996), *review denied* (Minn. Jan. 7, 1997).

In his appellate brief, Johnson failed to identify the category of persons that he considers to be similarly situated to himself. But when questioned at oral argument, his counsel stated that the similarly situated classes being compared are felons and non-felons. By definition, these two classes are not similarly situated, and Johnson has failed to identify any similarly situated misdemeanants who are being treated differently due to the enforcement of Minn.Stat. § 609.117. Because Johnson has not established this essential element of an equal-protection claim, Johnson has failed to demonstrate that application of Minn.Stat. § 609.117 violates the right to equal protection of the laws.

## DECISION

Because Minn.Stat. § 609.117, subd. 1(1), as applied to an individual convicted of a misdemeanor offense arising from the same set of circumstances as a charged felony offense, does not authorize an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution or Article I, Section 10, of the Minnesota Constitution, the district court did not err by ordering collection of DNA from appellant. In the absence of any evidence of different treatment of similarly situated misdemeanants, appellant's equal-protection claim also fails.

**Affirmed.**