**STUDOR, INC., Appellant,**

v.

**STATE of Minnesota, et al., Respondents.**

**No. A09–847.**

Court of Appeals of Minnesota.

April 27, 2010.

Jon S. Swierzewski, John E. Diehl, Julie N. Nagorski, Larkin Hoffman Daly & Lindgren Ltd., Minneapolis, MN, for appellant.

Lori Swanson, Attorney General, Christopher M. Kaisershot, Assistant Attorney General, St. Paul, MN, for respondents.

Considered and decided by HALBROOKS, Presiding Judge; KALITOWSKI, Judge; and CONNOLLY, Judge.

## OPINION

HALBROOKS, Judge.

Appellant Studor, Inc. challenges the district court's grant of summary judgment to respondents State of Minnesota, Governor Tim Pawlenty, and Attorney General Lori Swanson in their official capacities (the state). Appellant contends that the district court erred by determining that Minn.Stat. § 326B.43, subd. 6, does not violate the Equal Protection Clauses of the United States and Minnesota Constitutions, the Due Process Clauses of the United States and Minnesota Constitutions, and the Commerce Clause of the United States Constitution. Because we conclude that section 326B.43, subdivision 6, comports with these constitutional provisions, we affirm.

## FACTS

This case centers around the Minnesota Legislature's statutory ban of the installation of air-admittance valves (AAVs) in plumbing systems. All plumbing systems must be vented in order to allow air to enter the system and prevent sewer gases from escaping through the plumbing fixtures into the building. To accomplish this goal, the air pressure in the system maintains a water barrier in the pipe bend; this water barrier prevents gases from escaping through the fixtures. Plumbing systems experience both negative and positive pressure—negative pressure requires additional air in the system to maintain the water barrier, and positive pressure requires the release of air from the system in order to maintain the water barrier. A traditional open-pipe venting system includes at least one pipe that extends to the outside of the building. This pipe uses air from outside of the building to regulate the air pressure and maintain the water barrier. The design also permits any sewer gases to escape through the pipe to the exterior of the building.

An AAV is an alternative design that regulates pressure in a plumbing system. An AAV is a plastic one-way valve that is installed in the plumbing system, and it regulates pressure using air from inside the building. When the plumbing system experiences negative pressure, the valve opens and air from inside the building

enters the system to regulate the pressure. When the system is equalized, the valve closes by way of gravity to prevent sewer gases from escaping into the building. When the system experiences positive pressure, the valve is designed to seal tightly in order to prevent sewer gases from escaping through the device into the building.[1] To compare, when a traditional open-pipe venting system experiences positive pressure, sewer gases are expelled through the pipe extending to the outside of the building. In essence, the main difference between the two venting systems is the origin of the air used to regulate the pressure—an open-pipe system uses air from outside whereas an AAV uses air from inside a building.

The parties dispute whether an AAV is a safe alternative to the traditional open-pipe venting system. But we need not resolve this dispute on appeal, and we leave that issue to the legislature and the plumbing board for further consideration, if it is deemed to be appropriate.

In 2007, the legislature amended Minn. Stat. § 326.37 (2006), to add a fourth subdivision. 2007 Minn. Laws ch. 140, art. 6, § 4; *see also* 2007 Minn. Laws ch. 140, art. 6, § 15 (renumbering the section as 326B.43). The new subdivision prohibits the installation of "mechanical devices and fittings with internal moving parts" in plumbing venting systems. 2007 Minn. Laws ch. 140, art. 6, § 4. It is undisputed that this subdivision prohibits the installation of AAVs in plumbing venting systems in this state.

In August 2008, appellant filed a complaint seeking a declaratory judgment that the statutory AAV ban violates its rights under the United States and Minnesota Constitutions. The state moved to dismiss for failure to state a claim or, alternatively, for summary judgment. Because the state submitted additional materials for consideration with its motion, the district court construed the motion as one for summary judgment. The district court granted summary judgment to the state, concluding that appellant failed to meet its burden of demonstrating the unconstitutionality of section 326B.43, subdivision 6. This appeal follows.

## ISSUES

I. Does Minn.Stat. § 326B.43, subd. 6, violate the Equal Protection Clauses of the United States and Minnesota Constitutions?

II. Does Minn.Stat. § 326B.43, subd. 6, violate the Due Process Clauses of the United States and Minnesota Constitutions?

III. Does Minn.Stat. § 326B.43, subd. 6, violate the Commerce Clause of the United States Constitution?

## ANALYSIS

"Evaluating a statute's constitutionality is a question of law." *Hamilton v. Comm'r of Pub. Safety*, 600 N.W.2d 720, 722 (Minn.1999). Accordingly, we review constitutional challenges de novo and without deference to the district court. *Id.* We presume the constitutionality of Minnesota statutes, and therefore "our power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely necessary." *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989). In order to prevail, the challenging party must demonstrate beyond a reasonable

---

1. According to appellant, plumbing codes permitting AAV installation also require "a minimum of one open pipe vent that extends outdoors to the open air," which permits the gases to escape in a positive-pressure situation and relieves the system of the positive-pressure "preventing the blow-out of the water trap."

doubt that the statute at issue violates the Minnesota Constitution. *Id.; see also Miller Brewing Co. v. State,* 284 N.W.2d 353, 356 (Minn.1979) ("A statute will not be declared unconstitutional unless the party challenging it demonstrates beyond a reasonable doubt that the statute violates some constitutional provision.").

## I.

■■■ Appellant argues that Minn.Stat. § 326B.43, subd. 6, violates the Equal Protection Clauses of the United States and Minnesota Constitutions. "Equal protection is an inherent but unenumerated right found and confirmed in Minnesota's state constitution." *Murphy v. Comm'r of Human Servs.,* 765 N.W.2d 100, 106 (Minn. App.2009). The Equal Protection Clause requires the state to treat similarly situated individuals alike. *State v. Johnson,* 777 N.W.2d 767, 772 (Minn.App.2010) (quotation omitted). Therefore the initial inquiry in an equal-protection analysis is whether persons are similarly situated. *Id.* Because the parties here do not contest the fact that AAVs and open-pipe venting systems are similarly situated entities, we proceed to the remainder of the equal-protection analysis. If a constitutional challenge does not involve a suspect classification or a fundamental right, it is reviewed under a rational-basis standard. *State v. Gresser,* 657 N.W.2d 875, 880 (Minn.App.2003). Neither party disputes that the rational-basis standard is appropriate in this case.

■■■ Under the federal rational-basis test, a reviewing court determines whether the challenged classification has a "legitimate purpose" and whether it was "reasonable for the lawmakers to believe that use of the challenged classification would promote that purpose." *Greene v. Comm'r of Minn. Dep't of Human Servs.,* 755 N.W.2d 713, 729 (Minn.2008) (quoting *W.*

*& S. Life Ins. Co. v. State Bd. of Equalization,* 451 U.S. 648, 668, 101 S.Ct. 2070, 2083, 68 L.Ed.2d 514 (1981)). But the Minnesota Constitution dictates a stricter standard of review. *See State v. Russell,* 477 N.W.2d 886, 889 (Minn.1991) (noting that Minnesota's constitution requires a "stricter standard of rational basis review"). The Minnesota rational-basis test provides:

(1) The distinctions which separate those included within the classification from those excluded must not be manifestly arbitrary or fanciful but must be genuine and substantial, thereby providing a natural and reasonable basis to justify legislation adapted to peculiar conditions and needs; (2) the classification must be genuine or relevant to the purpose of the law; that is there must be an evident connection between the distinctive needs peculiar to the class and the prescribed remedy; and (3) the purpose of the statute must be one that the state can legitimately attempt to achieve.

*Greene,* 755 N.W.2d at 729 (quotation omitted).

■■■ The distinction between the two tests is that "under the Minnesota test we have been unwilling to hypothesize a rational basis to justify a classification, as the more deferential federal standard requires." *Id.* (quotations omitted). Instead, there must be a reasonable connection between the actual, as opposed to the theoretical, effect of the classification and the statutory goals. *Id.* We first examine appellant's equal-protection argument based on our state constitution. If appellant is unable to demonstrate a constitutional violation under our stricter rational-basis standard, appellant's claims under the United States Constitution necessarily fail as well. *See id.* at 729–30.

■■■■ The initial inquiry is whether the legislature articulated a legitimate purpose behind its AAV prohibition. Appellant urges us to examine the statute's legislative history in order to discern the legislative intent behind it. But we will "not look to the legislative history to determine the intent of the legislature ... when that intent is clearly manifested by the unambiguous language of the statute." *Gresser*, 657 N.W.2d at 881. Here, Minn. Stat. § 326B.41 (2008), provides that "[t]he purpose of sections 326B.41 to 326B.49 is to promote the public health and safety through properly designed, acceptably installed, and adequately maintained plumbing systems." This legislative purpose encompasses the statutory section that prohibits installation of AAVs in Minnesota. *See id.* at 881–82 (holding ultimately that the legislative intent contained in the chapter of statutes is sufficient to demonstrate the legislative intent of a particular section). Because the pertinent statutory scheme includes an express legislative purpose, we decline to examine the legislative history to determine the intent behind Minn.Stat. § 326B.43, subd. 6.

We must also determine whether the distinctions made between open-pipe venting systems and AAVs in section 326B.43, subdivision 6, are genuine and substantial, and whether there is an evident connection between the classification and the legislature's interest in public health and safety. Appellant contends that there is no genuine and substantial distinction between the two systems. But we agree with the district court's assessment of this argument: "[T]here are clear differences between traditional plumbing systems and AAVs, including that the former are passive in operation while the latter contain a moving part which may be subject to failure or malfunction[,] and AAVs increase the number of potential leakage points in a building."

The significant difference between the two venting systems is that an AAV regulates the pressure inside the venting system with air from inside the building while an open-pipe venting system regulates the pressure with air from outside the building. Thus, the venting systems differ as a result of their inherent nature and operation, and like the district court, we conclude that statutory distinction to be genuine and substantial. *See id.* at 882 (determining that a classification between personal watercraft and other motorboats was substantial and genuine because "important differences" between the two forms of watercraft exist).

Appellant also argues that under the second prong, there is no evident connection between prohibiting AAVs and the legislative purpose of promoting health and safety. Appellant contends that "[t]he AAV ban could only reasonably promote and actually connect to an interest in public health if rational evidence existed showing that AAVs are unsafe." On this point, we find the *Gresser* case to be instructive. In *Gresser*, we concluded that based on the inherent nature of personal watercrafts, it was reasonable to believe that personal watercrafts could pose a greater safety hazard during the evening and early morning hours. *Id.* at 883. We did not require the state to submit scientific evidence to support this conclusion; instead, the relevant distinctions between the two watercrafts supported a reasonable belief that public safety would be furthered by prohibiting personal watercrafts from operating during hours with limited visibility. *Id.*

■■■■ The relevant distinctions between the two forms of venting systems discussed above support a reasonable belief that public health and safety are furthered

by prohibiting the installation of AAVs in plumbing systems. The moving parts in an AAV make it subject to malfunction or failure. And because an AAV regulates pressure using air from inside the building, if the AAV were to fail, sewer gases could leak into a commercial building or home. The fact that the parties dispute the failure rate of AAVs is of no consequence to our analysis. Legislation will be upheld if "any state of facts reasonably may be conceived to justify it." *Doll v. Barnell,* 693 N.W.2d 455, 463 (Minn.App.2005), *review denied* (Minn. June 14, 2005).

Because there is a rational connection between the prohibition of AAVs and the protection of the public's health and safety, appellant has failed to meet its burden to demonstrate beyond a reasonable doubt that Minn.Stat. § 326B.43, subd. 6, violates the Equal Protection Clauses of the United States and Minnesota Constitutions. We therefore conclude that Minn.Stat. § 326B.43, subd. 6, is constitutional and that the district court did not err by granting summary judgment to the state on this issue.

## II.

▆▆▆▆ Appellant also argues that the AAV ban violates the Due Process Clauses of the United States and Minnesota Constitutions. Appellant's assertions on this point rest primarily on its arguments raised in the equal-protection challenge— namely, that there is no legitimate purpose for the statute. "[I]f legislation does not violate equal protection, it does not violate substantive due process." *Everything Etched, Inc. v. Shakopee Towing, Inc.,* 634 N.W.2d 450, 453 (Minn.App.2001), *review*

*denied* (Minn. Dec. 11, 2001). "[D]ue process demands that a statute not be 'an unreasonable, arbitrary or capricious interference' and requires at minimum that the statute 'bear a rational relation to the public purpose sought to be served.'" *Obara v. Minn. Dep't of Health,* 758 N.W.2d 873, 879 (Minn.App.2008) (quoting *Contos v. Herbst,* 278 N.W.2d 732, 741 (Minn.1979)). "Legislation will fail rational-basis review only when it rests on grounds irrelevant to the achievement of a plausible governmental objective." *Everything Etched,* 634 N.W.2d at 453 (quotation omitted).

Our conclusion that the statute satisfies the requirements of the Equal Protection Clauses is equally dispositive of appellant's arguments with respect to the Due Process Clauses. *See id.* at 453. Because we conclude that Minn.Stat. § 326B.43, subd. 6, is rationally related to a legitimate government interest, we likewise conclude that appellant has failed to demonstrate a violation of the Due Process Clauses.[2]

## III.

▆▆▆▆ Finally, appellant contends that the statute unconstitutionally burdens interstate commerce. A commerce-clause challenge requires a court to engage in a two-step analysis to determine: (1) whether the challenged statute implicates the Commerce Clause and, if so, (2) whether the statute violates the Commerce Clause. *State v. Kolla,* 672 N.W.2d 1, 8 (Minn.App. 2003). The Commerce Clause provides that "[t]he Congress shall have power . . . [t]o regulate commerce . . . among the several states." U.S. Const. art. I, § 8, cl. 3. Also recognized is the negative aspect of

**2.** Appellant also asserts that Minn.Stat. § 326B.43, subd. 6, violates the Due Process Clauses because it "arbitrarily denies [appellant] the opportunity to have a hearing on the merits of AAVs." But appellant has not demonstrated how this statute prevents it from presenting the merits of AAVs to the legislature or the plumbing board. While it may be more difficult for appellant to get this legislation repealed, that alone does not implicate due-process concerns.

the Commerce Clause, the "dormant commerce clause," which prohibits the states from discriminating against or unduly burdening the flow of interstate commerce. *Sanifill, Inc. v. Kandiyohi County*, 559 N.W.2d 111, 114 (Minn.App.1997). "Under the dormant Commerce Clause, the term 'discrimination' means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." *Kolla*, 672 N.W.2d at 9 (quotation omitted).

■■■■■ Neither party disputes that Minn.Stat. § 326B.43 (2008) is a nondiscriminatory statute. Indeed, the statute imposes an across-the-board ban of AAVs, regardless of their origin of manufacture. Nondiscriminatory regulations that have only incidental effects on interstate commerce are valid unless the burden imposed on such commerce is "clearly excessive in relation to the putative local benefits." *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 472, 101 S.Ct. 715, 728, 66 L.Ed.2d 659 (1981) (quoting *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142, 90 S.Ct. 844, 847, 25 L.Ed.2d 174 (1970)). Appellant argues that the legislature's actual interest in passing this statute is suppressing competition. But as we already established, the express legislative interest in enacting this subdivision is to further public health and safety. *See* Minn.Stat. § 326B.41. Such a state interest is legitimate and weighty, *Thul v. State*, 657 N.W.2d 611, 617 (Minn.App.2003), and, as noted, there is evidence in the record to establish that prohibiting AAV installation will further this state interest.

■■■ Because the state's interest is legitimate and the statute furthers this interest, Minn.Stat. § 326B.43, subd. 6, may be invalidated under the *Pike* test only if these local benefits are clearly outweighed by the burden on interstate commerce. "A nondiscriminatory regulation serving substantial state purposes is not invalid simply because it causes some business to shift from a predominately out-of-state industry to a predominately in-state industry." *Clover Leaf*, 449 U.S. at 474, 101 S.Ct. at 729. Likewise, the Commerce Clause protects the interstate market, not interstate firms. *Id.*

Appellant is not foreclosed from manufacturing and selling AAVs to the many states in the country that permit their use. Simply because appellant is precluded from installing its product in this state does not demonstrate that interstate commerce is being burdened. "Supreme Court dormant Commerce Clause cases make clear that 'burden,' in its constitutional sense, refers not to any forced changes in market structure or prices or available products. Burden refers to a hindering of the interstate commercial system." *Nat'l Kerosene Heater Ass'n v. Massachusetts*, 653 F.Supp. 1079, 1095 (1987); *see also Nat'l Paint & Coatings Ass'n v. City of Chicago*, 45 F.3d 1124, 1132 (7th Cir.1995) ("[T]he ordinance affects interstate shipments, but it does not discriminate against interstate commerce in either terms or effect. No disparate treatment, no disparate impact, no problem under the dormant commerce clause."). Appellant has failed to show how section 326B.43, subdivision 6, burdens interstate commerce other than the fact that appellant will be unlikely to sell many of its products in Minnesota. We therefore conclude that if this statute creates any burden on interstate commerce, it is incidental only.

Because the state's interest in public health and safety is very strong and because the burden of the statute on interstate commerce is slight, we conclude that appellant failed to demonstrate beyond a reasonable doubt that Minn.Stat.

§ 326B.43, subd. 6, violates the Commerce Clause.

## DECISION

The district court did not err in holding that appellant failed to prove beyond a reasonable doubt that Minn.Stat. § 326B.43, subd. 6, violates the Equal Protection Clauses and Due Process Clauses of the United States and Minnesota Constitutions or that it violates the Commerce Clause. Therefore, the district court properly granted summary judgment to the state.

**Affirmed.**